GOLDSBERRY ET AL. *v.* THE STATE, EX REL. HAUGHAM.

SUPREME COURT.—*Waiver of Assignment of Error on Demurrer, by Failure to Discuss in Brief.*—An assignment of error, based upon the overruling of a general demurrer to a pleading containing several paragraphs, is waived by a failure of the party alleging the error to discuss the demurrer as against each of such paragraphs.

TOWNSHIP TRUSTEE.—*Action on Bond.—Damages.—Common Schools.—Case Distinguished.*—In an action against a township trustee on his bond, for a default in his duties relative to schools and school revenues, the court must, in case of recovery against him, under section 7 of the act of March 6th, 1865, 1 R. S. 1876, p. 781, assess upon the amount of recovery, and include in the judgment, ten per cent. in damages. *Reid* v. *The State, ex rel.*, 58 Ind. 406, distinguished.

From the Madison Circuit Court.

*H. D. Thompson* and *J. W. Sansberry,* for appellants.

*C. D. Thompson* and *D. W. Wood,* for appellee.

Howk, J.—In this action the appellee's relator, trustee of Jackson township, in Madison county, Indiana, sued the appellants upon the official bonds of Martin S. Pruett, a former trustee of said township, in a complaint of two paragraphs. The appellants jointly demurred to the complaint, as an entirety, upon several grounds of objection,

which demurrer was overruled by the court, and to this ruling they excepted.

The appellants then answered in four paragraphs, of which the first was a general denial, and each of the other three paragraphs stated special matter, by way of defence. To the third and fourth paragraphs of said answer, the appellee's relator demurred for the want of sufficient facts, which demurrers were overruled as to the third paragraph, and sustained as to the fourth paragraph, of the answer, and to this latter decision the appellants excepted. The appellee's relator then filed a supplemental complaint, alleging the death of the defendant Martin S. Pruett, intestate, and the appointment of the appellant Goldsberry, as the administrator of said decedent's estate, and making the said administrator a party defendant to this action. To the second and third paragraphs of the appellants' answer, the appellee's relator replied by a general denial.

The issues joined were tried by a jury, and a verdict was returned for the appellee's relator, assessing his damages in the sum of $2,188.00. The appellants' motion for a new trial having been overruled by the court, and their exception entered to this ruling, judgment was rendered by the court on the verdict.

In this court the following decisions of the circuit court have been assigned as errors by the appellants:

1.   In overruling their demurrer to the complaint;

2.   In sustaining the relator's demurrer to the fourth paragraph of their answer;

3.   In overruling their motion for a new trial; and,

4.   In adding to the amount of the verdict of the jury ten per cent. thereon, to wit, the sum of two hundred and eighteen dollars and eighty cents, as penalty, and in rendering judgment for the aggregate sum of two thousand four hundred and six dollars and eighty cents, instead of for the amount of the verdict only.

In their brief of this cause in this court, the appellants'

learned counsel first complain of the alleged error of the court in overruling the appellants' demurrer to the second paragraph of the relator's complaint.   As we have already said, in our statement of this case, the appellants demurred to the complaint as an entirety, and not separately to each paragraph thereof.   In such a case, if either paragraph of the complaint was sufficient to withstand the appellants' demurrer, it would not be error to overrule such demurrer, even if the other paragraph were clearly and confessedly insufficient.   The appellants' counsel, in their brief, have not even alluded to the first paragraph of the complaint, nor to the alleged error of the court in overruling the demurrer thereto.   Under the settled practice of this court, therefore, if the circuit court erred in overruling the demurrer to the first paragraph of the complaint, the appellants' counsel have, by their failure to discuss the question, waived such error, and the paragraph must be considered sufficient ; and, if the first paragraph must be regarded as sufficient, it was not error to overrule a demurrer to the entire complaint, and the assignment of such ruling as error would not present for decision the question of the sufficiency of the second paragraph of the complaint.   If, however, it could be said that this question was presented by the appellants' assignment of error, it would seem to us that the second paragraph of the complaint was not subject to any of the grounds of objection thereto, specified in the appellants' demurrer.

The only other error complained of in argument by the appellants' counsel was the action and decision of the court in adding to the amount of recovery, in the verdict of the jury, ten per cent. damages, and including the same in the judgment.   The objections of counsel to this action of the court are founded upon the provisions of section 338 of the practice act, to the effect that, " In actions for the recovery of money, the jury must assess the amount of the recovery."   2 R. S. 1876, p. 173.   In section 7 of " An act ·

to provide for a general system of common schools," etc., approved March 6th, 1865, which is a much later expression of the legislative will than the practice act, it is provided, however, that in a suit instituted against a township trustee, on his official bond, for a failure "to discharge any of the duties required of him, relative to schools and school revenues, * * * in case of recovery against him, the court rendering the judgment, shall assess upon the amount thereof ten per cent. damages, to be included in said judgment." 1 R. S. 1876, p. 781. It seems to us that this provision of the statute not only authorized, but expressly made it the duty of, the court to assess upon the amount of the verdict or recovery, in this case, "ten per cent. damages, to be included in the judgment," as this action was brought on the official bonds of the township trustee for his failure to discharge "the duties required of him, relative to schools and school revenues."

The case of *Reid* v. *The State, ex rel.,* 58 Ind. 406, cited by the appellants' counsel, was a suit on an administrator's bond, under the provisions of section 163 of the act providing for the settlement of decedents' estates. 2 R. S. 1876, p. 551. An examination of that section will show very clearly, we think, that its provisions are utterly unlike the provisions, above quoted, of section 7 of the common school law, in relation to the assessment of damages; and, therefore, we are of the opinion that the case cited can not be regarded as an authority in point in the case now before us.

The court did not err, we think, in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.