# Cruise-Splawn Lumber Co. *v.* Sorrell.

## *Assumpsit.*

(Decided Feb. 10, 1910. 51 South. 727.)

*Appeal and Error; Findings; Presumption.*—Where the bill of exceptions does not show all the evidence or the tendencies of all the evidence on the trial and on the motion for a new trial, the presumption will be indulged on appeal that there was evidence to justify the finding of the court.

APPEAL from Autuaga Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by J. M. Sorrell against Cruise-Splawn Lumber Company. Judgment for plaintiff and defendant appeals. Affirmed.

BALLARD & THOMAS, for appellant.—Counsel discuss motion for a new trial and insist that the verdict was not even in accord with the plaintiff's evidence. Charge 1 should have been given.—*Martin v. Massey*, 127 Ala. 508. Unless the whole consideration is to be paid in money, the action must be on the contract declaring specially.—4 Ency. P. & P. 925. A recovery cannot be had under the common count when the proof discloses that the cause of action is based on the special contract.—*Snedicor v. Leachman*, 10 Ala. 330. Charge 2 should have been given. as the contract was entire.— *Wolfe v. Parkham*, 18 Ala. 441; *Martin v. Massey, supra.* Charge 3 should have been given.—*Martin v. Massey, supra; Burkman Bros. v. Spier*, 56 Ala. 547.

GUNTER & GUNTER, for appellee.—There is no assignments of error; and the cause should be affirmed.—67 Ala. 400. The bill of exceptions does not purport to set

out all the evidence, and the presumption will be indulged that there was sufficient evidence to support the verdict.—*Barwick v. Rackley,* 45 Ala. 215.

MAYFIELD, J.—The action was based on the common counts. The defendant pleaded the general issue, and a special plea setting up the defense that the work by plaintiff for defendant, and to recover compensation for which this action was brought, was done and performed under a special contract by and between plaintiff and defendant; that the work to be done under the contract was the digging of a well for defendant by plaintiff, and that as a part of such contract, and as a condition precedent to any liability on the part of defendant to plaintiff, for the price of the well, plaintiff guaranteed an overflowing well of a certain character described; and that plaintiff had breached said contract in certain particulars set forth, to the damage of defendant, which damage defendant offered to recoup, or set off, against plaintiff's action, claiming judgment for the excess. The trial was had on these issues, and resulted in a verdict and judgment for plaintiff in the sum of $672.58. The defendant moved the court for a new trial, assigning various grounds—among them, that the verdict was excessive. On the theory of the motion, the court reduced the verdict to $629.13, and rendered judgment for that amount, and denied a motion for a new trial. From this judgment, defendant appeals.

The bill of exceptions shows some evidence tending to support the verdict and judgment, as reduced and rendered; but it does not purport to set out all the evidence, hence we cannot know or decide as to the sufficiency of the evidence. The trial court heard all of the evidence, and, on the hearing of the motion for a new

trial, reduced the verdict. In the absence of a bill of exceptions, showing all the evidence in the trial and on the hearing of this motion, we must presume in support of the finding rendered by the trial court. We must indulge in presumptions in favor of the judgment of the trial court, and not against it.

There are assigned and urged no errors upon which we can reverse the judgment of the trial court.

The judgment is affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.