# Central Iron & Coal Co. *v.* Thompson.

*Damage for the Improper Use of Water.*

(Decided Feb. 10, 1910. 51 South. 608.)

1. *Appeal and Error; Assignment; Insistence; Brief.*—Where the appellant states in his brief that there were no other grounds for a new trial except the giving of a certain charge, which was not a sufficient ground, this did not amount to an insistence that the other grounds of the motion were legally insufficient to justify a new trial.

2. *Same; Review; Necessity of Showing Error; New Trial.*—Where there were six grounds as a basis for a motion for new trial, and the motion was granted, the party appealing cannot over-

[Central Iron & Coal Co. v. Thompson.]

come the presumption that the court properly granted a new trial by an insistence upon a want of merit in only one of the grounds.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

B. E. Thompson sued the Ceneral Iron & Coal Company for the unreasonable use of water of a creek which supplied his mill and ginnery. There was judgment for defendant and upon plaintiff's motion the court granted a new trial, from which the defendant appeals. The plaintiff also took a cross appeal. Affirmed.

HENRY A. JONES, for appellant.—Counsel insist that there is no ruling in the record of injury to the defendant, and that he was without right to a new trial, but cites no authority in support of his contention.

ROBSON BROWN, for appellee. Counsel discuss the merits of the appeal and cites authorities in support of his contention, and insists that on the cross appeal, the same questions are presented as upon the original appeal.

McCLELLAN, J.—This is an action by Thompson against the Central Iron & Coal Company for damages alleged to have resulted to his property in consequence of the wrongful and unreasonable use and abuse by defendant of the water in Davis creek, whereon Thompson's mill and gin were located. The jury returned a verdict for the defendant. In response to plaintiff's motion to that end, the court set aside the verdict and ordered a new trial.

The only ground upon which appellant in brief rests its insistence that the court erred in granting the new. trial, is that there was no error in giving charge 20. requested by and given for defendant, and hence that

that charge could not justify the granting of the motion for a new trial. It is said in brief that the ground inducing the court to grant the new trial was that it erred in giving, at defendant's request, charge 20. We do not find in the record any recital to the effect stated as above in appellant's brief. The court granted the motion generally. It is further said in brief for appellant: "We respectfully submit that neither was there any other ground, nor was the giving of this charge (20, we explain) proper ground for granting the plaintiff's motion for new trial." This, of course, does not amount to an insistence that the other grounds of the motion were legally inefficacious to justify the granting of the new trial. For apt analogy in respect of insistence vel non on assignments of error, see authorities noted in 1 May. Dig. p. 133, among others.

There were six grounds in the motion for new trial, each ground complaining of the giving of a quoted charge at defendant's instance. The presumption is that the action below was correct. The obligation is on the appellant to here establish the contrary. It cannot and has not overcome that presumption by an insistence that one only of the grounds of the motion for new trial was without merit. It may be conceded, for the argument only, that the ground discussed for appellant, based on the giving of charge 20, was without merit, and incapable, hence, of affording a reason for granting the new trial; but, nothwithstanding that concession, the court below may have justly found reason to grant a new trial upon one or more of the five grounds set down in the motion. Appellant not having even undertaken to show, and not insisting here, that no error infected the giving of the other five charges, or any one of them, quoted in respective grounds of the motion, the presumption of correctness of the action of the court below

[Champion v. Central of Georgia Railway Co.]

has unquestioned right to ascription to those grounds of the motion for new trial, or any one of them, not argued as just bases, or basis, for the order granting the new trial.

The affirmance of the order setting aside the judgment for defendant (appellant) renders unnecessary the consideration of the right of the cross-appellant to have review of errors assigned as upon the main trial.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.