[Mobile & Birmingham R. R. Co. v. Louisville & Nashville Railroad Co.]

erly in evidence; but a party has no right to require the court to thus single out and give emphasis to parts of the evidence. Contestant's charges 2 and 3 were therefore properly refused.—*Bancroft v. Otis*, 91 Ala. 291, 8 South. 286, 24 Am. St. Rep. 904.

For the errors pointed out, the judgment of the probate court must be reversed.

Reversed and remanded.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.

# Mobile & Birmingham R. R. Co. *v.* Louisville & Nashville Railroad Co.

### *Eminent Domain.*

(Decided Feb. 2, 1911. Rehearing denied April 27, 1911.
54 South. 1002.)

1. *Appeal and Error; Assignment; Motion for New Trial.*—Where an appeal is taken from an order granting a motion for a new trial, and the bill of exceptions does not purport to contain all the evidence offered on the hearing of the motion, the presumption is that there was sufficient evidence to justify the court in granting the motion.

2. *Appeal and Error; Assignment; Necessity; Presumption; Waiver.*—There is a presumption in favor of the ruling of the trial court of the absence of error which creates the obligation on an appellant to show error by that tribunal, and the rule of waiver in respect to errors assigned in the appellate court has no application to an appellee; hence, on review of the action of the trial court in granting a motion for new trial, the obligation was on the appellant to show error in the ruling on each of the grounds thereof.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Application by the Mobile & Birmingham Railway Company to condemn a way across property of the L. & N. R. R. Co. There was judgment of condemnation, which on motion of respondent was set aside, and a

new trial granted, from which petitioner appeals.  Affirmed.

BESTOR, BESTOR & YOUNG, E. L. RUSSELL, and B. B. BOONE, for appellant.  Counsel discuss the merits of the controversy, with citation of authority, but in view of the opinion it is not deemed necessary to here set it out.  They insist that the court was in error in its action granting a new trial.

GREGORY L. & H. T. SMITH, for appellee.  Counsel discuss the merits of the controversy, with citation of authority, but in view of the opinion it is not deemed necessary to here set it out.  They insist that the court cannot properly review the action of the trial court in granting a retrial for the reason that the bill of exceptions does not purport to set out all the evidence had on such hearing and that the presumption will be indulged that there was sufficient evidence to support the trial court in its ruling, and that, therefore, the cause should be affirmed.

McCLELLAN, J.—The appeal is from an order granting a new trial.  Among the grounds therefor was this: "Because, while viewing the premises, the judge allowed the witness Miller, in conversation with said judge, to review and argue the evidence on many of the material questions in controversy, and to point out and explain matters, some of which said witness was not competent to testify to, and others of which related to matters to which objection had been sustained during the trial, which said statements by said witness to the judge were made in such manner and under such circumstances that no report thereof could be made by the official stenographer, and no proper ob-

[Mobile & Birmingham R. R. Co. v. Louisville & Nashville Railroad Co.]

jection could be taken thereto by the attorneys in the cause, all as shown by an affidavit herewith filed."

The bill of exceptions, in the particular that it refers to the motion for new trial, does not purport to contain all of the evidence offered before the court on the hearing of the motion. In such state of the case, the presumption must be and is indulged that there was evidence before the court justifying its conclusion, and the granting of the motion on the ground quoted.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

## On Rehearing.

PER CURIAM.—The insistence of counsel for appellant that this court proceed to a determination of the more material questions involved in this controversy, rather than that the decision should be rested on the proposition stated in the opinion, is a matter which was considered by the court on the original hearing. The investigation of those questions, as presented by the record and assignments of error, was thoroughly made by the Justice to whom the appeal was assigned for the preparation of an opinion thereon for submission to the consultation of the court; but, since the result (affirmance) was inevitable on the ground stated in the opinion on original hearing, and since it could not be certainly anticipated (for the new trial to follow) what view the trial court would take on these questions, it was determined not to undertake, in advance, to lay out a course of procedure to be followed in the further progress of the litigation.

There was not, nor is, any confession of reversible error by or for appellee in any particular. To the contrary, counsel for appellee, in his argument at the bar, called attention to the state of the bill of exceptions, from which the affirmance must, as ruled, result. But if it had been or were otherwise, the rule of waiver in respect to errors assigned in *this* court has no application to an appellee. The presumption, in favor of the rulings of the trial court, of the absence of error, creates the obligation on an appellant to show error by that tribunal. And on review of the action of the trial court in sustaining a motion for new trial, the obligation is on the *appellant* to exclude the reference of the ruling for correctness, in sustaining the motion, to any one or more of the grounds thereof.—*Central Iron Co. v. Thompson,* 165 Ala. 548, 51 South. 608; *Choate v. A. G. S. R. Co.,* 170 Ala. 590, 54 South. 507.

The rehearing is denied.