[No. 1566.   Dec. 3, 1913.]
[On Rehearing June 10, 1914.]

REYMOND v. HOLT, et al.

[141 Pac. 156.]

N. C. Frenger, of Las Cruces, for Appellant.   J. F. Bonham, of Las Cruces, for Appellees.

## OPINION OF THE COURT

ROBERTS, C. J.   Appellant filed his complaint in the court below, against the appellee, Herbert B. Holt, as administrator of the estate of Simon B. Newcomb, deceased, and the remaining defendants, who were heirs at laws of said decedent, Newcomb, for the purpose of reviving a judgment obtained against said Newcomb, in his lifetime, which had been made a lien upon the real estate to the payment of the judgment.   By allegations in his complaint he showed that an interest in said judgment has been assigned to one Calita Kennedy, but did not make said Kennedy a party.   By his complaint he also sought to subject certain moneys in the hands of the administrator, which he had derived from the sale of certain real estate owned by decedent, to the lien claimed by him.   To the complaint, the administrator interposed a separate demurrer upon three grounds, viz.:

"(1)   That there is a defect of parties plaintiff.
"(2)   That several causes of action have been improperly united.
"(3)   That the complaint does not state facts sufficient to constitute a cause of action."

The remaining appellees also interposed a demurrer upon the same grounds stated above, supplemented by a fourth ground, viz.:

"That these defendants, or any of them, are not necessary or proper parties to the complete determination of the action."

Both demurrers were sustained generally by the court, and plaintiff elected to stand upon his complaint, and a judgment was entered dismissing the same, from which judgment this appeal is prosecuted.

Appellant has assigned as error the action of the court in sustaining the demurrers.   It will be noted from the above statement of the case that the first demurrer was predicated upon three grounds, and the second upon four. The order sustaining the demurrers being general, it was incumbent upon the appellant, in order to secure a reversal, to show that no one of the grounds of demurrer was well taken.   In his brief, and upon the argument of the case, the only point made was that the complaint stated

facts sufficient to constitute a cause of action. This proposition may be conceded without reversible error existing, for it may be that the court based its decision entirely upon one or both of the remaining grounds of the demurrer, and, should we hold with appellant upon this contention, we would be required, necessarily, to pass upon the other grounds of demurrer in order to determine the propriety of the action of the trial court. The universal doctrine is as sated by Judge Elliott in his App. Proced. § 444, that:

"It is essential that all points be made in the brief, and properly made; if not so made, they are waived. Many cases affirm this doctrine, although the phrase employed usually, not always, however, is, all questions not made in the briefs are regarded as waived."

And the courts uniformly refuse to consider an assignment of error which is not urged or discussed in the briefs or argument of counsel for appellant or plaintiff in error. See Century Digest, Appeal and Error, par. 4256. Upon the party who alleges error in the action of the court below rests the burden of showing that the judgment or decree appealed from is clearly wrong, or that error, to his prejudice, has been committed, and an appellate court will not search the record and review questions not raised or insisted upon in order to reverse the judgment.

In the case of Powell v. Palmer, 45 Mo. App. 236, the defendant interposed a special defense, based upon two different grounds, to which a demurrer was sustained. On appeal by defendant, he relied wholly upon one of the grounds, and failed to present any argument in support of the other. The court held that it was warranted in assuming, under such circumstances, that the propriety of the ruling with respect to the latter ground was confessed.

In the case of Central Iron & Coal Co. v. Thompson, 165 Ala. 548, 51 So. 608, the Alabama Supreme Court held that, where there were six grounds in the motion for a new trial, which was granted by the trial court, defendant on appeal could not overcome the presumption that

the court properly did so by insistence that one only of the grounds was without merit. The court says:

"Appellant not having even undertaken to show, and not insisting here, that no error infected the giving of the other five charges, or any one of them, quoted in respective grounds of the motion, the presumption of correctness of the action of the court below has unquestioned right to ascription to those grounds of the motion for new trial, or any one of them, not argued as just bases, or basis, for the order granting the new trial."

So in this case it may be presumed that the court based its order sustaining the demurrers upon one or both of the grounds of demurrer not urged here as being without merit.

As was said in the Supreme Court of Iowa in the case of Krause v. Lloyd, 100 Iowa, 666, 69 N. W. 1062:

"The demurrer was sustained generally. Therefore we do not know whether it was sustained upon all or some one of the several grounds.. There being one ground to sustain the ruling, we cannot say that the court erred in sustaining the demurrer, nor can we know what the view of the court was as to any ground of the demurrer."

In the case of Goldsberry et al. v. State ex rel. Haugham, 69 Ind. 430, the court held that an assignment of error based upon the overruling of a general demurrer to a pleading containing several paragraphs is waived by a failure of the party alleging error to discuss the demurrer as against each of such paragraphs. See, also, to the same effect, Globe Accident Ins. Co. v. Helwig, 13 Ind. App. 539, 41 N. E. 976, 55 Am. St. Rep. 247; Price v. Board of Com'rs, 22 Colo. App. 315, 124 Pac. 353. Other cases could be cited; but the practice is so well established and recognized that we do not deem it necessary to multiply authorities.

For the reasons stated, the judgment of the lower court will be affirmed, and it is so ordered.

HANNA and PARKER, JJ., concur.

ON REHEARING

PER CURIAM. After a careful reconsideration of this case, we are compelled to adhere to our former opinion.