# Hanby *v.* Phillips-Buttorff Mfg. Co.

## *Assumpsit.*

(Decided April 6, 1915.  68 South. 477.)

1. *Appeal and Error; Review; Presumptions; Acts of Trial Court.*—Error must be made to appear affirmatively, as the courts never presume it. Where the bill of exceptions on the motion to reopen or set aside a judgment by default does not contain all, or substantially all, of the evidence before the court at the hearing of the motion, or even its tendencies, the presumption is that there was evidence before the court justifying it in denying the motion, and such judgment will not be disturbed on appeal.

2. *Judgment; Default; Excuses for Reopening.*—The action of the court in overruling a motion to set aside a judgment by default will not be disturbed, where the grounds stated are that the defendant and his counsel "had been at the bedside and funeral" of a kinsman, as such an allegation would have been sustained by proof that the occasion occured some time prior to the trial or disposition of the case.

3. *Same; Pleading to Sustain.*—A complaint in code form for declaring on the common counts is sufficient to sustain a judgment by default.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Assumpsit by The Phillips-Buttorff Mfg. Co. against J. B. Hanby. There was judgment by default with writ of inquiry, and defendant's motion to set aside said

judgment and reopen the case, being denied, he appeals. Affirmed.

JAMES M. HANBY, for appellant. The complaint was not sufficient to support a judgment by default.—Section 4143, Code 1907, and cases cited. The excuse offered was good.—23 Cyc. 946. The judgment is reviewable.—Section 4145, Code 1907.

JOE C. HAIL, for appellee. It does not appear from bill of exceptions what evidence was offered on the motion, or even the tendencies of such evidence, and the court cannot say that the action of the lower court was erroneous.—*Shepherd v. Dowling,* 103 Ala. 563; *White v. Blair,* 95 Ala. 147. No proper showing for a new trial was made.—Section 2408 Code 1907, and cases cited.

PELHAM, P. J.—The record contains two assignments of error, the first being directed at the action of the court in overruling the motion of the appellant (who was the defendant in the court below) to set aside a judgment nil dicit theretofore rendered against him. The suit was on the common counts, to which the defendant filed a plea of the general issue. The defendant failing to appear and defend on the day the case was duly and regularly set and called for trial, a judgment by default or nil dicit was entered up against him, and, a jury having been demanded by the defendant, the issues as to the amount of the debt due the plaintiff by the defendant were submitted to the jury and a judgment entered for $455.50 in conformity with the finding of the jury. About 29 days after this, the defendant filed a motion to set aside the judgment theretofore rendered against him, assigning death in the family of defend-

ant and his counsel as the principal ground relied upon, judging from the argument contained in brief of appellant's counsel.

The bill of exceptions does not purport to contain all, or substantially all, of the evidence that was before the court on the hearing of the motion, or even its tendencies. The recitals in the bill do show that the grounds for the motion, as set out in the motion, were called to the attention of the court, together with the fact that the motion was sworn to; but whether this was all that was offered in support of or against the motion does not appear, and we may well assume, in this state of the record, in support of the court's ruling in denying the motion, that the court had evidence before it upon which it properly found the issues against the movant. Error must be made to affirmatively appear, as appellate courts cannot presume error (*C. of Ga. Ry. Co. v. Ashley*, 159 Ala. 145, 48 South. 981), and it is the established rule to indulge all presumptions favorable to the correctness of the judgment or order of the lower court in order to sustain, and not to reverse, it (*Richard v. Steiner Bros.*, 152 Ala. 303, 44 South. 562; *Sou. Ry. Co. v. McGowan*, 149 Ala. 440, 43 South. 378). The bill of exceptions not purporting to contain all of the evidence offered before the court on the hearing of the motion, the presumption must be indulged that there was evidence before the court sustaining and justifying its conclusion in denying the motion.—*M. & B. R. R. Co. v. L. & N. R. R. Co.*, 172 Ala. 313, 54 South. 1002; *Cruise-Splawn L. Co. v. Sorrell*, 165 Ala. 259, 51 South. 727.

We may add that the grounds of the motion, even if literally proven as set out, do not present a case where this court could say that it clearly appears that the lower court was in error in overruling the motion. The ground based on one of the appellants and his attorney

35 CA

having attended the sick bed and funeral of a relative avers that they "had been at the bedside and funeral of this kinsman," and such an allegation could have been fully met and satisfied by proof that the occasion of attending the sick bed and funeral of the kinsman had occurred some time previous to the trial or disposition of the case, and, if so, it furnished no good reason or excuse for their failure to attend upon the trial of the case when it was regularly called and disposed of by the court.

The complaint is in the code form for declaring on the common counts, and there is no merit in the second assignment of error, that it is not sufficient to support the judgment rendered.

Affirmed.