# Hall, *et al. v.* First Bank of Crossville.

### Assumpsit.

### (Decided May 18, 1916. 72 South. 171.)

1. **Appeal and Error; Who May Take; Joint.**—An appeal from a judgment against two or more defendants may be taken by one alone, under Acts 1911, p. 589.

2. **Same; Assignment; Joint; Effect.**—Joint assignment of errors on a joint appeal are unavailing, unless the errors are injurious to all who join.

3. **Bills and Notes; Presentment and Dishonor; Notice to Maker.**—The maker of a note is not entitled to presentment or notice of dishonor.

4. **Same; Defenses.**—In an action on a note, one may show that he is not liable as a maker but only as an endorser.

5. **Appeal and Error; Review; Objections Below.**—If the complaint contains a substantial cause of action, no judgment rendered thereon can be annulled, arrested or set aside for any matter not previously objected to. (§ 4143, Code 1907.)

6. **Same; Exceptions.**—Under § 4145, Code 1907, on a motion to annul, vacate, or arrest a judgment, exceptions may be taken to any ruling, and a

[Hall, et al. v. First Bank of Crossville.]

bill of exception may be signed and certified as a part of the record, and an appeal taken as in any other action.

7. Same; Default Judgment; Review.—In the absence of a bill of exceptions, the evidence is presumed to support the judgment on an appeal from such judgment.

8. Same.—After motion made to annul, arrest or vacate a default judgment has been denied, on an appeal from a default judgment, no presumpiton need be indulged as to the correctness of the court's ruling where the record fails to show a judgment thereon.

9. Same.—Where the complaint states a substantial cause of action, and the judgment is responsive thereto, on an appeal from a default judgment, the appellant cannot complain of demurrable defects in the complaint, even though the defects be misjoinder of causes of action in the same count.

10. Same.—On a motion to annul, arrest or vacate a default judgment, the complaint will be liberally construed, and if it appears by treating all amendable defects as amended that a substantial cause of action is pleaded, the judgment will be sustained.

11. Bills and Notes; Negotiation; Endorsement.—Under Acts 1909, p. 154, § 184, the maker of a note is primarily liable, and will be presumed to have endorsed it to complete its negotiation to plaintiff.

12. Appeal and Error; Review; Default Judgment.—Where the bill of exceptions on a motion denied to annul, arrest or vacate a default judgment on a note, does not present the evidence, such evidence is no part of the record, and cannot be reviewed.

13. Same.—Where the evidence is not presented by a bill of exceptions, the form of the note as set forth by a copy in the transcript cannot be considered, but the form of the note must be determined by the averments of the complaint on which the default judgment is rendered.

14. Bills and Notes; Notice of Dishonor; Averment.—Before an endorser can be liable for the payment of a note, notice of dishonor must be averred and proven as required by the statute.

15. Same; Amendment.—Under § 29, Acts 1909, p. 141, where the complaint in an action on the note does not allege notice of dishonor to the endorser, an amendment may be allowed, or the action dismissed as to such endorser.

16. Appeal and Error; Review; Vacating Judgment.—In the absence of a bill of exceptions, on an appeal from the denial of a motion vacating a judgment, in passing on a motion to set aside and vacate a judgment, the trial court must be presumed to have had evidence before it to justify the denial of the motion.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the First Bank of Crossville against J. D. Hall and others on a note. Judgment for plaintiff by default, and upon motion of defendant, the court declined to set aside or annul the judgment, and defendants appeal. Affirmed.

Transferred from Court of Appeals.

[Hall, et al. v. First Bank of Crossville.]

ISBELL & SCOTT, for appellant. I. M. PRESSLEY, and HUNT & WOLFES, for appellee.

THOMAS, J.—The appeal is taken upon the record from a judgment by default against appellants. The defendants moved to quash the execution issued thereon and to set aside, vacate, and annul the judgment, on the grounds that the complaint does not show a substantial cause of action, in that it claims against James A. Croley, as an indorser of the note, without alleging any demand on the maker of the note, or a waiver of demand on the part of Croley; and that the record shows that the judgment obtained was of more binding effect than was sought in the complaint.

A joint appeal was taken by J. D. Hall and James A. Croley, as evidenced by the recitals of an appeal bond (though signed only by J. D. Hall), that "on the 4th day of September, 1915, First Bank of Crossville recovered a judgment against J. D. Hall and Jas. A. Croley upon a motion to quash and vacate execution a judgment for the sum of $245 obtained by said First Bank of Crossville and costs of suit, in the circuit court of said county, from which judgment J. D. Hall and Jas. A. Croley have obtained an appeal returnable to the next term of Court of Appeals of Alabama. Now, therefore, if the said J. D. Hall and James A. Croley shall prosecute said appeal to effect, etc.," and by the terms of the notice of appeal to appellee, to the effect that "a judgment was rendered against J. D. Hall and James A. Croley, in favor of the First Bank of Crossville, a corporation in a case wherein the First Bank of Crossville, a corporation, plaintiff, and J. D. Hall, M. D., and James A. Croley, defendants, in the circuit court of said county, on the 18th day of February, 1915, and from such judgment J. D. Hall and James A. Croley, defendants, have obtained an appeal to the Court of Appeals of Alabama." The certificate of appeal was to like effect as the notice of appeal.

Though the appeal bond recites that the appeal is taken from the judgment on the motion to quash the execution and to set aside and annul a judgment, and that the judgment so appealed from was of date September 4, 1915, no such judgment on the motion is contained in the record. It has been held that a docket memorandum of the ruling of the presiding judge is not sufficient to show the judgment of the court, if no formal judg-

ment was entered thereon; that the docket memorandum is merely a direction to the clerk as to how the judgment or decree of the court shall be enrolled or entered.—*McLaughlin v. Beyer,* 181 Ala. 427, 61 South. 62; *McSwean v. State,* 175 Ala. 21, 57 South. 732; *Wynn, et al. v. McCraney; et al.,* 156 Ala. 630, 46 South. 854; *Morgan v. Flexner, et al.,* 105 Ala. 356, 16 South. 716. The notice of appeal and the certificate of appeal showed appeal from the judgment rendered on the 18th day of February, 1915, and not from the judgment on the motion to quash, set aside, and annul the judgment described by the bond to have been entered on September 4, 1915.

(1, 2) From whatever judgment or ruling of the court the appeal was taken, it is clear that the appeal was taken jointly by J. D. Hall and James A. Croley. The appeal could have been prosecuted by either party against whom the judgment was rendered alone.—Acts 1911, p. 589. The appeal and the assignment of errors being joint, such assignment is not availing, unless injurious to all who join therein.—*Gilley, et al. v. Denman,* 185 Ala. 561, 64 South. 97; *Fletcher, et al. v. Riley,* 169 Ala. 433, 53 South. 816; *Beachman v. Aurora Silver Plate Mfg. Co.,* 110 Ala. 555, 18 South. 314.

(3, 4) The judgment by default of February 18, 1915, was taken against J. D. Hall and James A. Croley jointly; and, if the joint assignment of error cannot be sustained as to J. D. Hall, it is not available to James A. Croley. The averments of the complaint were: "The plaintiff claims of the defendant $200 due on a certain promissory note made by him on the 11th day of November, 1913, and due and payable on the 15th day of April, 1914;" that the note was made payable "to the order of the defendant, J. D. Hall, M. D., with interest thereon from date;" and that "the said J. D. Hall, M. D., and James A. Croley, the defendants herein, placed their signatures upon the back of said note as indorsers, before the delivery" to the plaintiff bank. It is thus averred that one of the defendants was the maker of the note, which being true, such defendant, being primarily liable, was not entitled to presentment for payment nor to notice of dishonor. If, however, Croley or Hall, or both of them, whose names were placed on the back of the note as indorsers before its delivery to the bank, was or were the maker or makers, or the party or parties securing the accommodation from the bank, they or he would be primarily liable to the bank for the payment

[Hall, et al. v. First Bank of Crossville.]

of the note. The true fact as to the sale of the note, or the obtaining of the accommodation from the bank, may be shown by the evidence. On the other hand, at the trial a defendant would have the right to show that he is not primarily liable, or that he is not liable on the note as a maker but only as an indorser.—*Long v. Gwin,* 188 Ala. 196, 202, 66 South. 88; Randolph on Commercial Paper, vol. 2, §§ 833, 841.

(5-8) No judgment can be annulled, arrested, or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action.—Code, § 4143. Judgments conforming to the cause of action set up in the complaint, and not foreign thereto, will be sustained.—Code, § 4143; *Kirkland v. Pilcher,* 174 Ala. 170, 57 South. 46; *Smith v. Dick,* 95 Ala. 311, 10 South. 845; *Ritch v. Thornton,* 65 Ala. 310; *G. St. R. R. Co. v. Hanlon,* 53 Ala. 70. An exception may be taken on the hearing of such a motion to any ruling or decision of the court, and a bill of exceptions may be signed and certified as a part of the record as in civil cases, and an appeal taken to this court.—Code, § 4145. Without a bill of exceptions, evidence is presumed to have been introduced at the trial, to support the judgment.—*Dobson v. Dickson,* 8 Ala. 252; *Burdeshaw v. Comer,* 108 Ala. 617, 18 South. 556; *Cruise-Splawn L. Co. v. Sorrell,* 165 Ala. 259, 51 South. 727; *M. & B. R. R. Co. v. L. & N. R. R. Co.,* 172 Ala. 313, 54 South. 1002; *Hanby v. Phillips & Buttorff Mfg. Co.,* 12 Ala. App. 543, 68 South. 477. No presumption, however, need be indulged as to the correctness of the court's ruling on the motion, for the record failed to show a judgment thereon.—*Gunter v. Mason,* 125 Ala. 644, 27 South. 843.

(9, 10) On the question of a substantial cause of action being shown by the complaint, it is said in *Amer. Bon. Co. v. New York & Mexican W. Co.,* 11 Ala. App. 578, 66 South. 847, that: "If the complaint in this case contained a substantial cause of action, and the judgment of the court is responsive to the complaint, the appellant cannot complain of errors or defects in the complaint which would have subjected it to demurrer.—*Stewart v. Goode, et al.,* 29 Ala. 476; *Kyle v. Caravello,* 103 Ala. 153, 15 South. 527; *Walker v. Mobile Marine D. & M. I. Co.,* 31 Ala. 530; *Harris v. Plant & Co.,* 31 Ala. 644; *Childress, et al. v. Mann & Co.,* 33 Ala. 207; *Mahoney v. O'Leary,* 34 Ala. 101; *Foster v. State,* 39 Ala. 229; *Douglass, et al. v. Beasley,* 40 Ala. 143; *Martin v. Rushton,* 42 Ala. 292; *Watson v. Knight,* 44 Ala. 354; *Leach,*

*et al. v. Bush,* 57 Ala. 153. And this is true, notwithstanding the complaint might have been subject to the objection of a misjoinder of causes of action in one and the same count.—*Walker v. Mobile M. D. & M. I. Co., supra; Phillips v. Sellers,* 42 Ala. 661; *Whilden & Sons v. Merchants' & Planters' Bank,* 64 Ala. 27, 38 Am. Rep. 1. In other words, the court in construing the averments of the complaint in this case must adopt a liberal construction, and if, by treating all amendable defects as amended, it appears from the facts stated, whether well or illy pleaded, a substantial cause of action is stated, then it is sufficient to sustain the judgment."

(11) Since the judgment of February 18, 1915, was taken jointly against J. D. Hall and James A. Croley, if it can be said that the complaint was subject to demurrer as to the joinder, under its averments, of James A. Croley, the appellant J. D. Hall cannot complain on appeal. He was not injured. As the maker of the note he was primarily liable, and must have indorsed it to complete its negotiation to the plaintiff bank.—Section 184, Negotiable Instrument Act (S. S.) 1909, p. 154. If the assignment of error is not available as to Hall, it cannot be available to Croley, under the joint assignment.

(12, 13) The copy of the note as set out in the transcript cannot be looked to, in order that we may determine its nature and specific terms. We can consider its form only as averred in the complaint. The note and the other evidence on which the judgment was taken, the writ of inquiry was executed, and the motion was overruled was not presented by bill of exceptions. Such matters, not being so presented, are no part of the record.

(14, 15) It is true that, before an indorser would be liable for payment, notice of dishonor must be averred and proven as required by the statute. If the defect in this respect had been presented on the trial by Croley, proper amendment might have been made, or he might have been stricken as a codefendant.— Acts 1909, p. 141, § 89. And in *Caulfield, et al. v. Finnegan,* 114 Ala. 39, 21 South. 484, under a statute declaring when an indorser or assignor of a non-negotiable note would be bound, the court said:

"The complaint must aver performance of the condition, or the particular causes relied on as relieving from the duty of performance, freeing the indorsement or assignment from its conditional quality, converting it into an absolute engagement.

[Hall, et al. v. First Bank of Crossville.]

\* \* \* Without such averments, the complaint would not only be subject to demurrer, but it would not contain a substantial cause of action, which, on error, would support a judgment against the assignor or indorser."

In the *Caulfield case, supra*, there was no embarrassment of a joint appeal and joint assignment of error as in the case at bar. It will not be said that a complaint, to state a substantial cause of action, where a note is drawn to the maker's own order and it is completed by his indorsement (as required by section 184, Neg. Inst. Act; Acts 1909 [S. S.] p. 154) must allege notice of dishonor, as provided by section 89 (Id. p. 141). It is specifically stated in said section 89 that the required notice of dishonor must be given to the drawer and to each indorser, "except as herein otherwise provided."

The maker of the note payable to himself knew that he had failed to pay at maturity; and, being primarily liable, he was not entitled to presentment for payment or to notice of dishonor.

(16) The trial court, in passing on the motion to set aside and vacate the judgment, must be presumed to have had evidence before it to justify the denial of the motion. The appellate court, in the light of the usual presumption of verity, and in the absence of a bill of exceptions presenting the facts of the trial, will presume that the instrument sued on fell within one of the classes where notice of dishonor was not required to be given an in dorser, as where the instrument was made or accepted for his accommodation, etc.—Section 115, Neg. Instr. Act; Acts S. S. 1909, p. 144.

The cause is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.