(79 South. 21)

PRUDE v. THOMPSON & THOMPSON
et al.   (6 Div. 609.)

(Supreme Court of Alabama.   April 4, 1918.)

APPEAL AND ERROR ☞933(1)—REVIEW—MOTION FOR NEW TRIAL—PRESUMPTION.

Where the record affirmatively shows that the bill of exceptions does not contain all the evidence, and the bill does not recite that it contains all the evidence introduced upon the hearing of motion for new trial, the action of the trial court in granting motion will be affirmed, since the presumptions must be indulged that there was evidence before the trial court justifying its conclusion.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Motion for a summary judgment by Mrs. Kate B. Prude, administratrix, against Thompson & Thompson and others, attorneys at law, for money collected and not paid over. Judgment for movant. From action of the trial court in granting a new trial, plaintiff appeals. Affirmed.

London, Yancey & Brower, of Birmingham, for appellant. C. C. Nesmith, of Birmingham, and John R. Tyson, of Montgomery, for appellees.

GARDNER, J.   Motion for a summary judgment by the appellant against the appellees, attorneys at law, for money collected and not paid over. The proceeding was instituted under section 5946 of the Code of 1907. The trial was had before the court without a jury, and the witnesses examined orally. The movant insisted that the defendants, as attorneys representing her in a suit as administratrix of the estate of her deceased husband against the Birmingham Railway, Light & Power Company, recovered a judgment and collected the same, but paid over to her only one-half thereof, when according to the agreement between the parties the fee was to be only 40 per cent. of the amount recovered, and she should therefore have received 60 per cent. of the judgment collected. The defendants insisted that they had retained the proper amount, as the agreement for the fee was 50 per cent. of the amount recovered. This was the controverted issue in the case, and numerous witnesses were examined by the respective parties. The trial resulted in a judgment for the movant. The defendants then made a motion for a new trial upon the ground that the judgment was contrary to the evidence, and upon the further ground of newly discovered testimony. Upon a hearing of the motion for a new trial, numerous affidavits bearing upon the question at issue were filed in the cause. The defendants offered the affidavits of several witnesses whose testimony was not had upon the original hearing, and which they insisted was material and was newly discovered. Defendants also offered affidavits as to their diligence in regard to the same, which appear in the record. Upon consideration of the motion for a new trial, the court granted the motion, and set aside the judgment. From this action of the court in granting a new trial, the plaintiff excepted and prosecutes this appeal.

On page 58 of the record it is stated that in support of the motion the defendants' submitted the affidavits of the "following persons," among them being W. A. Standifer. The record does not contain this affidavit, nor does the bill of exceptions recite that it contains all the evidence introduced upon the hearing of the motion for a new trial. On the contrary, the affidavit of W. A. Standifer not being set out, the record affirmatively shows that it does not contain all the evidence that was introduced upon said hearing.

In the comparatively recent case of Mobile & Birmingham R. R. Co. v. L. & N. R. R. Co., 172 Ala. 313, 54 South. 1002, speaking of a situation as here presented, the court said:

"The bill of exceptions, in the particular that it refers to the motion for new trial, does not purport to contain all of the evidence offered before the court on the hearing of the motion. In such state of the case, the presumption must be and is indulged that there was evidence before the court justifying its conclusion, and the granting of the motion on the ground quoted."

See, also, Prine v. Am. Ins. Co., 171 Ala. 343, 54 South. 547; Cruise v. Sorrell, 165 Ala. 259, 51 South. 727; Atlantic Coast Line Rwy. Co. v. Jones, 9 Ala. App. 499, 63 South. 693; Lamar v. King, 168 Ala. 285, 53 South. 279; Lewis Land & Lbr. Co. v. Interstate L. Co., 163 Ala. 592, 50 South. 1036.

In this state of the record, therefore, and in the light of the foregoing authorities, it results that the action of the court below in granting the motion for a new trial and setting aside the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes