(96 South. 778)

## CITIZENS' BANK & SECURITY CO. v. COMMISSIONERS' COURT OF DE KALB COUNTY. (7 Div. 390.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 14, 1923.)

1. **Mandamus** ⊛187(9)—**Formal sufficiency of bank's bid for deposits of county funds, as bid in corporate capacity, not determined on appeal, where treated as bank's bid throughout proceeding.**

Whether a bank's bid for deposits of county funds was sufficient in form as a bid in its corporate capacity will not be considered on appeal in mandamus proceeding to have itself designated as depository under Gen. Acts 1915, p. 348, where the entire proceeding clearly discloses that the bid was treated as a bid of the bank.

2. **Statutes** ⊛227—**Whether provisions are directory or mandatory determined by subject-matter and relation to general object.**

Whether provisions of an act are directory or mandatory must be determined by consideration of the subject-matter and the relations of each provision to the general object, so as to arrive at the true legislative intent.

3. **Depositaries** ⊛6—**Statute providing for placing county funds with bank offering highest rate of interest held not mandatory.**

Gen. Acts 1915, p. 349, § 4, providing that the county commissioners' court shall place the county funds with the bank offering the highest rate of interest, is not mandatory, in view of further provisions therein, and section 5, authorizing the commissioners' court, if unable to secure satisfactory terms from banks within the county, to designate some individual to act as county treasurer under such terms and conditions as it may fix.

4. **Mandamus** ⊛10—**Relator must have clear legal right to thing demanded, and respondent clear legal duty to perform.**

Relator must have a clear legal right to the thing demanded, and respondent a clear legal duty to perform the thing required.

5. **Mandamus** ⊛10—**Bank bidding higher interest on deposits of county funds than bank whose bid was accepted held not clearly entitled to designation as county depositary.**

A bank offering to pay 4½ per cent. interest on daily balances of county funds deposited with it held not clearly entitled to designation as county depositary as against a bank whose bid of only 4 per cent. was accepted by the

commissioners' court, as being to the better interest of the county, in view of its further agreement to finance the county to the statutory limit.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Petition by Citizens' Bank & Security Company for mandamus to the Commissioners' Court of De Kalb County. From a judgment denying the writ, petitioner appeals. Affirmed.

A. E. Hawkins and Isbell & Scott, all of Ft. Payne, for appellant.

The act is mandatory upon the commissioners' court to accept the highest bidder. Acts 1915, p. 348, § 4. Mandamus is the proper remedy to require proper action. Grider v. Talley, 77 Ala. 422, 54 Am. Rep. 65; Tarver's Case, 17 Ala. 527; 18 C. J. 584; 36 Cyc. 1160; Code 1907, § 4864; State ex rel. Bank v. Louisiana State Board, etc., 122 La. 677, 48 South. 148; State ex rel. Bank v. Police Jury, etc., 142 La. 691, 77 South. 503.

Baker & Baker, of Ft. Payne, for appellee.

Mandamus does not lie unless the petitioner has a clear legal right to the thing demanded, and unless it is the imperative duty of the defendant to perform it. Armstrong v. O'Neal, 176 Ala. 611, 58 South. 268; Henry Co. v. State ex rel. Rambo, 16 Ala. App. 670, 81 South. 190; 26 Cyc. 151. The act here sought is discretionary, and mandamus will not lie to compel its exercise. 26 Cyc. 291; State v. Board of Rev., 180 Ala. 489, 61 South. 368; Yeilding v. Bland, 184 Ala. 62, 63 South. 961; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 South. 820.

GARDNER, J. Appellant by this mandamus proceeding seeks to have itself designated depositary of the funds of De Kalb county, Ala., by the commissioners' court of that county. The petition alleges that the petitioner, an incorporated state bank, agreed in its bids for the county funds, to pay interest at the rate of 4½ per cent. on the daily balance, but that the commissioners' court accepted the bid of another bank for the payment of only 4 per cent. on the daily balance, and this proceeding is rested upon the theory that the language of the statute providing for such county depositaries (Acts 1915, p. 348), is mandatory, to the effect that the commissioners' court must accept the bid of that bank which offers the highest rate of interest on the daily balance.

[1] It is questioned in the answer that the petitioner's bid was sufficient in form as a bid of the bank in its corporate capacity. That question, however, we lay aside without determination, and proceed to a consideration of the merits of the cause, which involve the proper construction of the provisions of the above-cited act, as we think the entire proceeding clearly discloses that the bid upon which the petitioner rests its right to relief was treated as a bid of the bank.

[2] There is no question of abuse of discretion, or fraud, presented upon this record, but only one as to the proper construction of the act of 1915—whether or not the commissioners' court is vested with the discretion under the circumstances here presented. As has been often stated, there is no universal rule by which directory provisions in a statute may under all circumstances be distinguished from those which are mandatory. The proper construction of the language used in this act is to be determined from the consideration of the subject-matter and the relation of this particular provision to the general object intended to be secured by the act, so as to arrive at the true legislative intent. George v. Board of Revenue, Mobile County, 207 Ala. 227, 92 South. 269.

[3] The portion of the act, which it is urged is mandatory, is found in section 4, providing that:

"The said board of revenue or court of county commissioners shall, from sealed bids, place the county funds, the bids being opened on the first Monday in December of each year, with such incorporated state or national bank in the several counties, as offers the highest rate of interest to the county on daily balances of bank deposits."

This section further provides that a bond be required to be executed in the sum of $50,000, or such other sum as the county commissioners or board of revenue shall fix, "having due regard to the safety of the county funds." Section 5 of the act contains the following proviso:

"Provided, however, that if the board of revenue or court of county commissioners are unable to designate any depositary for the county funds in their county by reason of their inability to secure from any bank within its limits terms for the handling of the county funds as provided in this act, satisfactory to such boards of revenue or courts of county commissioners, then such boards may designate some individual who may act as treasurer of such county under such terms and conditions as may be fixed by said boards of county commissioners or boards of revenue."

Certainly the language of this proviso leaves the court of county commissioners or boards of revenue a very wide range of discretion. It appears from a reading of the entire act that its purpose was to provide a safe depositary for the county funds under the most advantageous circumstances, and to the best interest of the county. Members of the board of revenue and court of county commissioners are considered the guardians of the interest of the county, and the proviso in section 5, above quoted, shows that the bids

offered must be satisfactory to such boards or courts of county commissioners, leaving the determination thereof to the exercise of their sound discretion. Acting in good faith, in the exercise of their sound discretion, such boards would have the right to reject any and all bids, and so exercising such discretion would not be subject to control by mandamus. 26 Cyc. 291.

The language of section 4, with reference to the acceptance of the bid offering the highest rate of interest, must be construed in connection with the entire purpose of the act, and the language of the proviso contained in section 5, and, when so construed, indicates a legislative purpose that the highest rate of interest should be given great, but not exclusive, consideration, leaving much to the discretion of these authorities in determining what is to the best interest of the county. In the instant case, the minutes of the court of county commissioners disclose that in the opinion of the court the bid of the other bank of 4 per cent. upon the daily balance was to the better interest of the county, in view of the further consideration that such other bank had agreed to "finance the county to the statutory limit."

[4] "Where the application is for mandamus, it is essential that the relator have a clear legal right to the thing demanded; and it must be the clear legal duty of the respondent to perform the thing required." Armstrong v. O'Neal, 176 Ala. 611, 58 South. 268. [5] We are of the opinion that the petitioner in the instant case has failed to show a clear legal right to have itself designated as county depositary, and that the prayer of the petition was properly denied.

Upon first consideration of this cause, the court was of the opinion that the absence of a bill of exceptions called for an affirmance of the judgment of the court below under the authority of Prude v. Thompson, 201 Ala. 595, 79 South. 21; Southern Rwy. Co. v. Wyley, 200 Ala. 14, 75 South. 326. Upon further consideration of the cause, however, upon application for rehearing, the conclusion has been reached that sufficient undisputed facts appear in the petition and answer, in connection with the exhibits thereto, to present the question as to the proper construction of the provisions of the act of 1915, herein treated, and we have therefore entered into a consideration and determination of the merits of the cause; the original opinion being withdrawn.

The application for rehearing is denied. Let the judgment of the court below be affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.