(96 South. 66)

GRIFFIN et al. v. HANDLEY. (6 Div. 840.)

(Supreme Court of Alabama. April 19, 1923.)

1. Appeal and error ☞907(4)—Omission of bill of exceptions to show all evidence included raises presumption that court's conclusion on facts was justified.

The omission of the bill of exceptions to show affirmatively that it contained all the evidence, or substantially all the evidence, raises presumption on appeal that there was evidence justifying the court's conclusion on the facts.

2. Appeal and error ☞697(1)—Recital in bill of exceptions held not equivalent to statement that it contained all the evidence.

A recital near the end of the bill of exceptions, "I have here all the evidence," probably referable to counsel preparing the bill, and not to the judge, was not equivalent to recital that the evidence set forth in the bill was all or

substantially all of the evidence presented on the trial.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Action in detinue by T. F. Griffin and E. E. Smith against Otto H. Handley. Judgment for defendant, and plaintiffs appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

W. E. James, of Cullman, and Culli & Hunt, of Gadsden, for appellants.

Counsel discuss the errors assigned, but in view of the decision it is not necessary that they be here set out.

Paine Denson and A. A. Griffith, both of Cullman, for appellee.

The record fails to disclose in clear and positive terms that all of the evidence in the case is set out therein; hence it will be presumed that there was sufficient evidence to justify the judgment rendered by the court. Philips v. Smith, 18 Ala. App. 668, 94 South. 191; Stevenson v. Whatley, 161 Ala. 252, 50 South. 41; Graves & Gross v. Leach, 192 Ala. 168, 68 South. 297.

McCLELLAN, J. Detinue for two mules, instituted by appellants, mortgagees of the mules by the Ingrams, against appellee. The trial was by the court without jury. The evidence was delivered orally, the court concluding in defendant's favor. The only errors assigned question the correctness of that conclusion.

[1, 2] The bill of exceptions does not show, affirmatively, that it contains all the evidence or substantially all of the evidence presented on the trial, in view of which omission the presumption on appeal is that there was evidence justifying the court's conclusion on the facts. 1 Mich. Dig. Ala. Rep. pp. 506, 507, § 904 (4). There is this recital near the end of the bill of exceptions: "I have here all the evidence." It is evident that this recital is not referable to the judge who tried the case. Doubtless it was intended to refer to counsel who prepared the bill of exceptions and tendered it to the judge for his signature. Certainly the effect of the recital is not, in any sense, the equivalent of the usual and often necessary recital in the bill that the evidence set forth in the bill is all or substantially all of the evidence presented on the trial.

Consequently upon the presumption stated, an affirmance must be entered.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.