261 So.2d 887

**Lide O. MELTON, in the Matter of the Estate of Thomas O. Melton, Deceased**

**v.**

**Julia C. MELTON, Ind. and as Executrix, etc.**

**6 Div. 818.**

Supreme Court of Alabama.

April 20, 1972.

Rehearing Denied June 1, 1972.

Wilder, Crowder & Hampe, Birmingham, for appellant.

Weaver & Herrin, Hare, Wynn, Newell & Newton, Birmingham, for appellee.

**COLEMAN, Justice.**

A beneficiary under a will appeals from a decree approving final settlement of the executrix.

The testator died in December, 1944. He was survived by his widow and one son. The widow was testator's second wife. The son was by testator's first wife and was forty-six years old when the will was admitted to probate on January 25, 1945.

The testator bequeathed and devised to the widow an undivided one-half interest in all of his property, to be hers in fee simple.

He also bequeathed and devised to the widow, as trustee for the son, an undivided one-half interest in all of his property with full power to mortgage, sell, or transfer said property in any manner whatsoever, the validity of the title in any purchaser or transferee thereof not to depend on the good faith of the trustee. The will further provides that the trustee so manage and control the portion of the estate coming into her hands as trustee as to keep the same intact, to reinvest the proceeds of sale of any of such property in other property and to strive to obtain as much income as practicable from the same with due regard to be given to the reasonable safety of said investments. If, in the event of emergency such as sickness or other causes deemed sufficient by the trustee, it should be necessary to sell the trust estate or any part thereof for maintenance and support of the son, then the testator directs the trustee to do so.

The will provides that the trust is to continue so long as the trustee may deem it wise and proper to do so. The trustee is authorized to terminate the trust and surrender the trust estate, or any remaining part thereof, to the son whenever the trustee may deem the son capable of handling same for himself on his own account.

The will provides that should the son die before the date of the death of the widow, then all the property bequeathed to her in trust for the son shall go to the widow to be hers in fee simple.

The testator appoints the widow to be executrix of the will without bond and provides that she shall not be required to make any report to or settlement with any court.

On January 30, 1945, the probate court granted letters testamentary to the widow.

On May 28, 1946, the widow, as executrix, filed petition praying that the probate court fix a fee for her attorney and authorize payment thereof out of the assets of the estate. The court set the petition for

hearing on June 11, 1946, and on the day set granted the petition and fixed the fee at $2,200.00.

No further action appears in the records of the probate court until May 23, 1968, on which day the son filed a petition in the probate court praying that the court require the executrix to file an inventory and a report of her acts and actions as executrix and trustee.

On July 29,· 1968, the executrix filed in the probate court a petition praying for a final settlement of the estate and that she be authorized to sell for division of the proceeds certain real estate in Florida owned by testator at the time of his death. A number of exhibits are attached to the petition. Exhibit A, hereinafter mentioned, is an agreement dated March 23, 1945, signed by the widow and the son. Other exhibits are semi-annual statements showing receipts and disbursements beginning in 1945 and ending in 1968. The petition and exhibits thereto cover transcript pages 19 through 63.

Other entries and writings appear in the record; to wit, orders of continuance, petition by executrix for final settlement and objections thereto, amendments, affidavits, and letters.

The son filed a motion to remove the estate to the circuit court, in equity, and on December 11, 1968, an order was entered granting the petition to remove.

The executrix filed in the circuit court a petition for final settlement with statement ·of receipts and disbursements. The son filed an answer. The court set the petition for hearing on August 11, 1969.

As hereinafter mentioned, oral testimony was heard on August 11, 1969.

On December 2, 1969, the attorneys representing the son filed a writing stating that: " . . . . we have withdrawn as attorneys for Lide O. Melton in captioned estate and have turned our entire file over to Mr. Melton."

On December, 8, 1969, the executrix filed a motion that the petition for final settlement be referred to the register, and, on January 19, 1970, after hearing at which executrix and the son were both represented by their respective counsel, the court decreed that the estate be referred to the register for hearing and final settlement.

The register set the petition for hearing before him. Present counsel for the son filed a motion asking for a continuance and the motion for continuance was granted by the register.

On March 24, 1970, counsel· for the executrix filed a special defense asserting that as to each and every act that she has done in reference to any property set forth in her final settlement, any and every act which she has done more than twenty years prior to filing the final settlement is presumed to be correct, and that the lapse of twenty years without assertion by the son that the act was improper or incorrect is barred by the prescriptive period of twenty years.

The register granted a further continuance of the hearing to May 8, 1970.

On May 7, 1970, the executrix filed a "PETITION TO WITHDRAW PAPERS AND ORDERS THEREON," alleging, among other things, that the will had been admitted to probate on January 4, 1945, and that on January 30, 1945, letters testamentary had been issued to the executrix; that twenty years or more have elapsed since six months after the letters were issued without further action in the cause; that all bequests and legacies provided for in the will have been payable or demandable for more than twenty years; that " . . . . petitioner, as Executrix of said estate, has not for more than twenty years made any payment or partial payment or promise of payment on any claim against such estate, or of any bequest, devise or distributive share due from such estate to Lide Melton, and that under Section

376(1), Title 61, Code of Alabama (1958, Recompiled), it is conclusively presumed that final settlement of said estate, all legacies and bequests due by said estate have been paid to the persons entitled thereto."

Also on May 7, 1970, the executrix filed a petition for final settlement "UNDER SECTION 376(1), TITLE 61," of the Code Recompiled 1958. The petition contains the same averments made in the petition to withdraw papers filed on May 7, 1970, as set out above. Attached to the petition as exhibits are two affidavits, one of which is made by counsel for executrix. The other affidavit is dated May 5, 1970, and the affiant is J. Haran Lowe.

Affiant Lowe states that he is an attorney at law; that he represented the son, Lide O. Melton, in the estate of his father, the testator; that under the will, Julia C. Melton was made executrix and was represented by Francis Hare; that the controversy consisted largely of the fact that the son desired to contest the will unless a compromise agreement could be effected with Julia C. Melton by which she would disclaim the provision in the will under which she would inherit the son's share upon his death; that the son objected to her continuing to act as trustee for him; that such an agreement was made between affiant representing the son and Francis Hare representing the executrix. The concluding paragraphs of the affidavit recite as follows:

"Mrs. Melton and Lide Melton were the sole beneficiaries. The personal estate was distributed in the years 1945 and 1946. Mrs. Melton disclaimed any right to inherit the share of Lide Melton in the event he died first, and it was agreed between Mrs. Melton and Lide Melton that the trust would be terminated as of June 1, 1946. The trust was terminated on that date, and on June 13, 1946 Mr. Hare's fee for representing the estate was paid. We both closed our files, except for an arrangement under which Mrs. Melton, not as trustee but as manager, should continue to manage the real estate, which included an orange grove in Florida and some rental property in Homewood.

"The life insurance was collected, the indebtedness to the bank paid and the proceeds correctly divided, and I have seen Lide Melton's receipt in full. The bank account was a joint survivor account that did not constitute a part of the estate, but Mrs. Melton agreed to pay, and did pay, certain bills that would ordinarily be charged to the estate, including the funeral and cemetery bills.

'As stated, all the personal property was correctly and satisfactorily distributed and accepted by my client under my supervision, and the compromise agreement was intelligently made, understood and carried out."

At this point, reference will be made to Exhibit A mentioned above which is an instrument dated March 23, 1945, and signed by "Julia C. Melton" and "Lide O. Melton." The instrument is signed by "Francis H. Hare" and "J. Haran Lowe" as witnesses. The terms of the agreement, in pertinent part, are to effect as follows:

Julia C. Melton determines that the trust under the will shall be terminated not later than June 1, 1946, subject to the following conditions:

During her life, Julia C. Melton shall have authority to manage the property left by testator at his death including specifically the real estate in Homewood, Alabama, and the orange grove in Florida; she shall have authority as manager to collect and disburse revenues and retain from the revenue produced by the Florida property a sufficient sum in her discretion as working capital. Lide O. Melton agrees that he will not interfere with said management. " . . . . Mrs. Julia C. Melton shall have the same power and authority as if this trust had not been terminated . . . ."

Both parties agree that before the orange grove property or the interest of either party therein is sold to a third party, the party desiring to sell will give the other party hereto the first opportunity to purchase at the same price and on the same terms and a period of thirty days to accept or reject such offer.

Lide O. Melton agrees that he will not create any indebtedness against any of said real estate.

Lide O. Melton waives any right he may have to contest the will of his father.

Among the exhibits in the record in the instant cause is an instrument dated March 23, 1945, signed "Julia C. Melton" and witnessed by "Francis H. Hare." By the terms of the instrument, Julia C. Melton does ". . . . renounce, disclaim and waive the right to inherit upon the death of Lide O. Melton any of Lide O. Melton's share of the estate of Thomas O. Melton." The instrument contains also the following recital: "This instrument is given in consideration of the agreement of Lide O. Melton not to contest the will of Thomas O. Melton." The record indicates that the instrument was filed for record in 1954 in the office of the Judge of Probate of Jefferson County.

Another exhibit in the instant record is a deed whereby Julia C. Melton, as trustee under the will, conveys to Lide O. Melton ". . . . the undivided one-half interest held by me as Trustee for Lide O. Melton . . . ." in and to certain land in Indian River County, Florida, and also a lot in Jefferson County, Alabama. The deed is dated January 17, 1955. One of the preliminary paragraphs in the deed recites:

"WHEREAS, by instrument dated March 23, 1945, (a copy of which is hereto attached as Exhibit 'A' and made a part hereof by reference) the said Julia C. Melton terminated said trust subject to the conditions therein set forth, and . . . ."

The record indicates that the deed was filed for record and recorded in the office of the Clerk of the Circuit Court of Indian River County, Florida, in 1955.

At this point we return to the proceedings in the instant cause. The son filed motions to strike the petition to withdraw papers and orders, and also the petition for final settlement under § 376(1), Title 61, filed by executrix as noted above. On June 19, 1970, the court entered an order denying the motions to strike.

The son filed answers to the petition to withdraw papers and orders and the petition for final settlement under § 376(1).

On August 17, 1970, the court rendered the decree from which the instant appeal is taken. The court decreed: that the petition for final settlement in the probate court filed July 29, 1968, is nulified and may be withdrawn; that the petition for final settlement, as amended, filed in the circuit court on July 28, 1969, is nullified and may be withdrawn; that the order referring the cause to the register is nullified and set aside.

The court further decreed that under § 376(1), Title 61, the final settlement filed July 28, 1969, is declared to be a good and proper final settlement of this estate and the executrix is discharged as executrix of this estate.

The son has appealed and assigns the action taken in the final decree as error. Appellant argues that the law does not permit the withdrawal of papers filed and orders of the court made thereon; that action in the administration of the estate was taken within the twenty-year period; and that § 376(1), Title 61, does not apply. In original brief, the thrust of appellant's argument is as follows:

"At this time it is most imperative to point out that one of the crucial questions in the estate is when the trust between the Appellee and Appellant was terminated. This question has never

been decided and was to be decided by the Register when the petition made the basis of this appeal was filed. The Appellant contends most strongly that the trust was terminated in 1955 well within the prescriptive period while the Appellee claims it was terminated in 1946. This was a question of mixed law and fact and one that was to be litigated before the Register until this petition was filed a day or two before that question was to be decided."

In reply brief, appellant argues as follows:

"Subsequent to the Appellant(')s filing of his brief in the Supreme Court the forces of the Appellee had the decree amended to show that there had been an oral hearing on August 11, 1969 wherein the Honorable Francis Hare testified. This was, of course, before the appellants' attorney was involved in the case and he had no knowledge of same. However, it makes no difference in this case if there was an oral hearing, in that the basic thrust of the Appeal is that there was action within the meaning of Title 61, Section 376(1) and this is abundantly evident in the record. It is also abundantly clear from the record that distributable shares were paid by the Appellee to the Appellant through out the life time of the estate and therefore the provision of Title 6, Section 376(1) cannot be invoked. Therefore, it makes no difference what was stated at the oral hearing because it is merely a question of law whether the provisions of Title 61, Section 376(1) can be invoked where what has has happen(ed) in this estate has taken place."

Prior to submission in this court, the trial court, after hearing on motion to amend the final decree, decreed:

"1. That the Final Decree of August 17, 1970 be further amended and clarified to state that the Court did recognize

and take jurisdictional notice that an oral hearing did commence at 8:30 A.M. in the morning on August 11, 1969 and witness, Francis H. Hare, did testify for approximately four (4) hours and that the exhibits marked Respondent's Exhibits 1 through 18 inclusive were identified and filed of record during the testimony of the said witness."

The oral testimony heard by the court on August 11, 1969, does not appear in the record before us.

Appellant insists that the court erred in granting the motion to withdraw petitions previously filed by the executrix.

"The general rule is that it is within the discretion of the trial court to permit the withdrawal of pleadings when request therefor is timely made. Valenzuela v. Sellers, 253 Ala. 142, 43 So.2d 121; Southern Hardware & Supply Co. v. Block Bros., 163 Ala. 81, 50 So. 1036. In the case last cited we said:

"'The appellant filed a plea of the general issue, and afterwards filed a motion to be allowed to withdraw the plea and interpose a demurrer, which motion was overruled by the court. This was a matter within the discretion of the court, and not reversible. (Authorities cited)' (163 Ala. 83, 50 So. 1037)" Mixon v. Whitman, 279 Ala. 249, 256, 184 So.2d 332, 337.

"The insistence, likewise, cannot be sustained, that the record reflects error in that, before the last appeal, the trial court allowed the plaintiff to withdraw an amendment to the bill in order that the bill as theretofore filed might be reviewed, as against the then sustained demurrer. The withdrawal of such an amendment was within the discretion of the trial court. . . . ." Valenzuela v. Sellers, 253 Ala. 142, 145, 43 So.2d 121, 123.

[1] · Reversible error is not shown here.

If, as appellant contends, no final settlement was made by the parties until 1955, then it may be argued reasonably that the bar of prescription after twenty years cannot apply. On the other hand, if there was a final settlement made and agreed to by the parties on March 23, 1945, or in 1946, as it may be asserted some of the exhibits tend to prove, then it may also be reasonably argued that the bar of prescription after twenty years does apply.

"As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, 'the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, "and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible." '— Harrison et al. v. Heflin, Adm'r et al., 54 Ala. 552, 563, 564; Greenlees' Adm'r v. Greenlees et al., 62 Ala. 330; Nettles v. Nettles, 67 Ala. 599, 602; Garrett v. Garrett, 69 Ala. 429, 430; Semple v. Glenn, 91 Ala. 245, 260, 6 So. 46, 9 So. 265, 24 Am.St.Rep. 894; Roach v. Cox, 160 Ala. 425, 427, 49 So. 578, 135 Am. St.Rep. 107." Snodgrass v. Snodgrass, 176 Ala. 276, 280, 281, 58 So. 201, 202.

To undertake to consider and decide whether the evidence before us shows that the bar of prescription was correctly applied would serve no useful purpose.

"Our cases are uniform to the effect the conclusions or findings on the facts of the chancellor will not be reviewed when it affirmatively appears there was evidence before the court which is not set out in the record. The presumption must be indulged that the omitted evidence gave support to the findings of the trial court. A citation of some few of our decisions will suffice. Wood v. Wood, 119 Ala. 183, 24 So. 841; Compton v. Compton, 235 Ala. 174, 177 So. 900; Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323; Jones v. Spear, 204 Ala. 402, 85 So. 472; Cruise-Splawn Lumber Co. v. Sorrell, 165 Ala. 259, 51 So. 727." Gipson v. Hicks, 243 Ala. 617, 618, 11 So.2d 461.

"Where it is apparent from the record that the trial court had before it evidence omitted from the record, it will be conclusively presumed that such evidence would sustain the trial court's findings. Local No. 157, etc. v. Local No. 4202, 266 Ala. 354, 96 So.2d 297; Williams v. Clark, 263 Ala. 228, 82 So.2d 295. . . . ." United Ins. Co. of America

v. Ray, 271 Ala. 543, 547, 125 So.2d 704, 707.

Under this long settled rule the decree is due to be affirmed.

Paragraph "TWO" of the final decree is corrected by striking out the words and figures, "July 28, 1969," and inserting in lieu thereof the words and figures, "May 7, 1970."

Corrected and affirmed.

HEFLIN, C. J., and HARWOOD, BLOODWORTH, and McCALL, JJ., concur.