304 So.2d 201

**Frank DAVIS**

v.

**Pete WOLFF, III.**

**Civ. 265.**

Court of Civil Appeals of Alabama.

June 19, 1974.

Rehearing Denied July 10, 1974.

Frank J. Mizell, Jr., Montgomery, for appellant.

H. J. Kinzer, and J. B. Nix, Jr., Evergreen, for appellee.

HOLMES, Judge.

This is an appeal from a judgment by the trial court in favor of the plaintiff-appellee in a detinue suit brought by plaintiff against defendant appellant.

The suit was heard by the trial court without a jury and after hearing the evidence *ore tenus* the trial court entered judgment for the plaintiff for the property sued for or its alternate value of $600 plus $200 damages for the detention thereof.

The assignments of error argued by counsel for appellant, who we note was not the attorney at the trial of the cause, relate to the sufficiency of the evidence.

The plaintiff-appellee's entire case in chief, as revealed by the record, is as follows:

"PETE WOLFF, III

having been first duly sworn to speak the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

"By agreement of the parties, this portion of the testimony of the witness was taken outside the presence of the court reporter and the substance of this testimony on direct examination was as follows:

"That the witness is the plaintiff in this cause and on date of July 16, 1970, was the owner of the automobile described in the bill of complaint; that on or about said date he contracted with the defendant for the defendant to install a used transmission in the automobile; that a used transmission furnished by Wolff was installed by Davis in said automobile and that Wolff paid Davis the sum of forty dollars for the work; that when the automobile was delivered back to plaintiff, the transmission did not work properly and that the defendant returned it to his place to make further adjustments; that defendant never made satisfactory adjustments despite his continuing promises to do so; that said automobile remained in possession of Davis for a period of about five months and when the defendant, upon moving to a new place of business, attempted to move the automobile, the plaintiff sought to take possession of it but was denied by the defendant who claimed a lien for storage in the amount of the value of the automobile."

During oral argument of this case before this court both parties admitted that the entire verbatim transcript of the plaintiff's testimony in chief was not before this court.

■ The decisions of the supreme court and this court are uniform to the effect that conclusions or findings on the facts of the chancellor or the trial judge will not be reviewed when it affirmatively appears there was evidence before the court which is not set out in the record. Georgia-Pacific Corp. v. Dyar, 49 Ala.App. 176, 269 So.2d 883; Modern Credit Co. v. State ex rel. Thetford, 265 Ala. 248, 90 So.2d 756; Wood v. Wood, 119 Ala. 183, 24 So. 841; Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323; Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461. See also 2 Ala.Dig., Appeal and Error, ☞695(1).

■ Additionally, the cases are legion to the effect that where all the evidence is not in the record, it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment or decree. Lewis Land & Lumber Co. v. Interstate Lumber Co., 163 Ala. 592, 50 So. 1036; Cruise Splawn Lumber Co. v. Sorrell, 165 Ala. 259, 51 So. 727; Lamar v. King, 168 Ala. 285, 53 So. 279; Griffin v. Handley, 209 Ala. 253, 96 So. 66; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638; Etheredge v. Tennessee Valley Bank, 20 Ala.App. 573, 104 So. 288; Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 318; Melton v. Melton, 288 Ala. 452, 261 So.2d 887; Davis v. City Federal Savings and Loan Ass'n, 288 Ala. 236, 259 So.2d 262. See also 2A Ala.Dig., Appeal and Error, ☞907(4).

■ Here, in this instance, as seen from the above, we do not have all the evidence. We have what purports to be the substance of plaintiff's testimony, not the plaintiff's entire testimony.

Additionally, we do not consider that the stated portion of the testimony complies or is even an attempt to comply with Supreme Court Rule 26 (Abridgment of the Record by Agreement) or Tit. 7, § 773, Ala.Code (1940) (Agreement of Counsel as to Abstract).

Who arrived at the conclusion as to the substance of plaintiff's testimony we do

not know. Furthermore, while we make no judgment as to its effect, we do not perceive the "substance of the testimony" is by agreement of the parties, only that the parties agreed that the testimony of plaintiff was taken outside the presence of the court reporter.

We would further comment that the trial court should not be reversed on the facts where the transcript indicates a substantial portion of the evidence was omitted from the transcript, notwithstanding the clerk's certificate, such as we have here to the transcript that it was all the evidence. Hendrix v. Pique, 237 Ala. 49, 185 So. 390. See also 2 Ala.Dig., Appeal and Error, ☞697(6).

In view of the above, the judgment is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.