304 So.2d 203
**In re Frank DAVIS**

v.

**Pete WOLFF, III.**

**Ex parte Frank Davis.**

**SC 915.**

Supreme Court of Alabama.

Nov. 7, 1974.

Frank J. Mizell, Jr., Montgomery, for petitioner.

No brief for respondent.

HARWOOD, Justice.

The suit below was in detinue. The plaintiff Wolff claimed of the defendant Davis "one 1964 Model Sports Fury Automobile, Serial No. etc., to the value of Six Hundred dollars ($600.00) together with damages for the detention thereof, the property of the plaintiff."

The plaintiff made a detinue bond in the sum of $50.00. The defendant made a forthcoming bond in the sum of $1,200.00, and retained possession of the automobile.

Trial was before the court without a jury. After the trial the court entered a judgment for the plaintiff "for property sued for or its alternate value of $600.00 plus $200.00 damages for the detention, and costs for all of which let execution issue."

The Court of Civil Appeals, 53 Ala.App. 700, 304 So.2d 201 in its opinion sets forth:

"The plaintiff-appellee's entire case in chief, as revealed by the record, is as follows:

' "*Pete Wolff, III*

having been first duly sworn to speak the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

' "By agreement of the parties, this portion of the testimony of the witness was taken outside the presence of the court reporter and the substance of this testimony on direct examination was as follows:

' "That the witness is the plaintiff in this cause and on date of July 16, 1970, was the owner of the automobile described in the bill of complaint; that on or about said date he contracted with the defendant for the defendant to install a used transmission in the automobile; that a used transmission furnished by Wolff was installed by Davis in said automobile and that Wolff paid Davis the sum of forty dollars for the work; that when the automobile was delivered back to plaintiff, the transmission did not work properly and that the defendant returned it to his place to make further adjustments; that defendant never made satisfactory adjustments despite his continuing promises to do so; that said automobile remained in possession of Davis for a period of about five months and when the defendant, upon moving to a new place of business, attempted to move the automobile, the plaintiff sought to take possession of it but was denied by the defendant who claimed a lien for

storage in the amount of the value of the automobile.' "

It is to be noted in the preamble of Wolff's testimony the following statement:

"By agreement of the parties, this portion of the testimony of the witness was taken outside the presence of the court reporter and the substance of this testimony on direct examination was as follows:  *  *  *"

In Ballentines Law Dictionary the word "substance" is defined as "that which is essential."

This same definition of "substance" is given in Cyclopedic Law Dictionary, 3rd Ed., with the additional statement: "It is a general rule that on any issue it is sufficient to prove the substance of the issue."

There is not one iota of testimony as to the value of the automobile, nor as to the amount of damages suffered by Wolff because of its detention.

In a detinue suit "judgment against either party must be for the property sued for, or its alternate value, with damages for its detention to the time of trial." Section 921, Title 7, Code of Alabama 1940.

In a detinue suit the burden of proving the value of the property sued for and the value of its detention, if any, is upon the plaintiff. Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372. If the plaintiff in a detinue suit fails to prove alternate value as required by Section 921, supra, it is reversible error to refuse a defendant's requested affirmative charge. Gwin v. Emerald Co., Inc., 201 Ala. 384, 78 So. 758; Mackey v. Hall Auto Co., 27 Ala.App. 557, 176 So. 318; Chrysler Credit Corp. v. Tremer, 48 Ala.App. 675, 267 So. 2d 467.

The Court of Civil Appeals' opinion sets out:

"During oral argument of this case before this court both parties admitted that the entire verbatim transcript of the plaintiff's testimony in chief was not before this court."

The Court of Civil Appeals then treats the case as one in which all the evidence was not before the court, and affirms the judgment of the lower court.

The oral argument statement merely reflects what the record shows, that is that a portion of the testimony of Wolff was taken outside the presence of the court, though its substance is stated. This was all the evidence that the trial court had before it. It was insufficient to sustain the trial court's judgment.

The allegata and the probata simply do not correspond, the one with the other.

It is our conclusion the Court of Civil Appeals erred in affirming the trial court. Accordingly, the judgment of the Court of Civil Appeals affirming the judgment of the lower court is reversed.

Reversed and remanded.

All Justices concur.