[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 176 
The parties to this appeal were divorced by the Circuit Court of Jefferson County, Birmingham Division, on November 20, 1975. Motion for new trial was denied on January 6, 1976. The appellant-husband appeals from that portion of the November 20 decree awarding the appellee-wife his interest in the jointly-owned residence, his interest in a 1972 Chevrolet automobile, his interest in four cemetery lots, his interest in the household goods and furnishings, and requiring him to pay $600 per month alimony, $1,250 attorney fees, and to maintain in force life insurance with appellee as beneficiary. Appellant also appeals from the denial of the motion for new trial.
The note of testimony filed in the trial court prior to the rendition of the decree on the merits shows that the case was submitted on the complaint and testimony of six witnesses plus the answer and seven exhibits. No court reporter was present during the proceedings and the testimony of the witnesses was not recorded. The record on appeal contains the pleadings and the exhibits, but does not contain a transcript of testimony of the witnesses, or a statement thereof under Rule 10, ARAP.
Appellee in brief argues that in the absence of any memorandum of the testimony of the six witnesses who testified in this cause, this court has no alternative but to affirm the judgment of the trial court, which had before it evidence that is not available to this court. Appellee also moves this court to affirm the decree of the trial court and to award her the extraordinary remedy of damages and double costs as permitted by Rule 38, ARAP, for frivolous appeals. Appellee also requests that we award her a reasonable sum for the services of her attorney in defending the decree now on appeal.
Previously, the principle was well settled in Alabama that the trial court's findings and conclusions on the facts would not be reviewed when it affirmatively appeared there was evidence before the trial court that was not in the record on appeal. Davis v. Wolff, 53 Ala. App. 700, 304 So.2d 201, judgment reversed for other reasons 293 Ala. 408,304 So.2d 203, on remand 53 Ala. App. 740, 304 So.2d 206. Furthermore, there are many cases in this state holding that where all the evidence is not in the record, it is presumed that the missing evidence was sufficient to support the judgment or decree from which the appeal was taken. Alabama Digest, Appeal Error, 907(4).
The Committee Comment to Rule 10, ARAP, purports to say that the new appellate rules have abolished this principle:
 "Since each party has the option to include such matters as he deems relevant and appropriate, this rule will abolish the existing presumption that if there is an omission from the record of any matter essential to a decision of any question presented on appeal, the ruling of the trial court will be deemed correct. Thus such cases as Melton v. Melton, 288 Ala. 452, 261 So.2d 887 and Davis v. City *Page 177 Federal Savings Loan Association, 288 Ala. 236, 259 So.2d 262 are superseded."
Rule 10 does expressly provide that both appellant and appellee shall have the right to designate of what the record shall consist. By this provision, much of the scope of Davis v.Wolff, supra, and similar cases is vitiated: where existing matter is omitted from the record by appellant, appellee can no longer rely solely on the omission to gain affirmance, but must designate for inclusion in the record whatever else is available to help his case. The new rules thus shift emphasis away from technical imposition on appellant in favor of a mutual burden on both parties to assemble a record containing everything pertinent to a consideration on the merits.
However, the change accomplished by the rules has no application to the present case. The premise for the relaxation of the Davis v. Wolff principle in most situations is the equal opportunity to designate matters for inclusion afforded to both parties. There is no such equality here. No transcript of testimony was made below; it is thus impossible for appellee to place such non-existent matter in the record by designation. Appellant, and appellant alone, is granted the opportunity under Rule 10 (d) to prepare a statement of the proceedings in lieu of the usual transcript. Appellee has no right to initiate such a statement, but is allowed only to propose amendments and raise objections to appellant's version.
Under these circumstances, the statement appearing in the Committee Comment is based on a faulty premise. Until such time as ARAP, 10 (d), is amended to provide the requisite equality of opportunity in the preparation of the statement of evidence, the strict penalty for omission of this vital material must rest on the party entirely responsible for initiating its inclusion, the appellant. Where, as here, it affirmatively appears that oral testimony was considered by the trial court in reaching its decision, and this testimony is not present in the record either as a transcript or as a Rule 10 (d) summary, it continues to be conclusively presumed that the testimony is sufficient to support affirmance.
A second cogent reason supports our disavowing the Committee Comment in the instant case. The argument urged on appeal is directed exclusively to the proposition that the trial judge's decree, based on evidence heard ore tenus, was plainly and palpably erroneous. Reversal on such ground must be solidly based on the appellate court's conclusion that the evidence virtually compels a result inconsistent with the trial judge's findings, Sparkman v. Williams, 260 Ala. 472, 71 So.2d 274. It is impossible for an appellate court to make such a determination where none of the oral testimony is communicated to it.
Under ARAP it is not necessary to submit the entire transcript; however, there is a minimum below which an appellant who bases his argument on the weight and sufficiency of the evidence may not fall and still present a reviewable issue. The complete absence of any transcript or 10 (d) statement of oral testimony falls below such a minimum.
As was pointed out above, the note of testimony shows that six witnesses testified in this case. Their testimony is not in the record on appeal. It is quite obvious that the trial court heard evidence which is not before us; consequently we must assume that the oral evidence is sufficient to support the decree rendered, and we have no alternative but to affirm.
That aspect of appellee's motion asking that the sanctions authorized by Rule 38, ARAP, be invoked is denied. Rule 38 does not establish a standard for what constitutes a frivolous appeal; instead it commits the question to a determination by the appellate court in which the *Page 178 
appeal is argued. Rule 38, ARAP, therefore authorizes the imposition of sanctions as a matter of the sound judicial discretion vested in the appellate court. Having examined all aspects of the appeal herein, we do not feel sanctions are called for. The request for attorney's fee on appeal will be granted. In view of the circumstances in this case, we consider the sum of $600 to be a reasonable fee for counsel's services to appellee on this appeal and that amount is hereby awarded.
MOTION TO INVOKE RULE 38, ARAP, DENIED; ATTORNEY'S FEE AWARDED; JUDGMENT AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.