BRADLEY, Judge.
An appeal has been perfected to this court by plaintiff from that part of a divorce decree rendered by the Circuit Court of Jefferson County, Bessemer Division, awarding defendant certain property, alimony in gross and attorney’s fee, and the denial of a motion for new trial.
The record on appeal contains the complaint, various motions, defendant’s answer, the trial court’s decree and certain post-judgment motions and rulings. There is no transcript of testimony prepared by the court reporter in the record; in fact, the record on appeal shows there was no court reporter in this case.
Plaintiff, in brief, argues that the trial court’s decree awarding certain property and alimony in gross to defendant is unsupported by the evidence and should be set aside.
This court recently held in Adams v. Adams, Ala.Civ.App., 335 So.2d 174 (1976) that in the absence of all the evidence heard and received by the trial court, and on which it based its decision, the trial court’s decree would be presumed to be supported by sufficient evidence so as to require af-firmance on appeal.
It appears from plaintiff’s belated attempt to supply this court with a synopsis of each witness’s testimony that the trial court did hear testimony from several witnesses. The testimony of those witnesses is not included in the record on appeal, either by virtue of a court reporter’s transcript or by a Rule 10(d) ARAP proceeding. Such a situation requires this court to affirm the decree of the trial court.
We think a comment on plaintiff’s abortive attempt to get the testimony before this court appropriate for future appeals.
Rule 10(d) ARAP provides as follows:
“If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means source, including his recollection. The statement shall be served within 49 days (7 weeks) after notice of appeal on the appellee, who may serve objections or propose amendments thereto within 7 days (1 week) after service. Thereupon the statement and any objections or proposed amendments shall be *84 submitted to the trial court for settlement and approval and as settled and approved shall be filed with and included by the clerk of the trial court in the record on appeal.”
In the present case plaintiff filed a version of the witnesses’ testimony with this court along with his brief, rather than with the trial court pursuant to Rule 10(d). Defendant filed in this court her objections to plaintiffs statement of the evidence. In response to these two actions, this court issued an order to the effect that the rules governing time for completing the record on appeal were suspended to allow plaintiff to file a statement of the evidence in compliance with Rule 10(d). Plaintiff replied that he would proceed under Rule 10(d). After some time and further correspondence from this court, another notice was sent to plaintiff stating he had seven days within which to complete the record or have the case reviewed on the pleadings. Plaintiff did nothing. Thus, the failure to comply with Rule 10(d) in this respect precludes a consideration of the proposed statement of the evidence submitted by the plaintiff.
Inasmuch as the record contains no transcript of the evidence, we have no choice but to affirm the decree of the trial court.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.