WRIGHT, Presiding Judge.
This is a divorce case. The wife appeals.
The parties separated in 1976 and a divorce from bed and board was granted on September 7,1976. There was no reconciliation and the husband filed for an absolute divorce on November 18, 1977. The wife answered and counterclaimed for divorce. The court heard the matter orally after considering briefs and arguments upon the legal propriety of the judgment of divorce from bed and board, wherein there was ordered a sale and division of the properties of the marriage including the homestead. There had been no appeal from that judgment but the sale of the home and payments to the wife ordered therein were apparently made by the husband and accepted by the wife. After hearing and consideration of oral testimony, without entering judgment upon the legality of the original judgment mensa et thoro, the court divorced the parties a vinculo and affirmed as its judgment the sale and division of property previously ordered in 1976 and partially executed.
By the judgment a vinculo, the wife was divested of any title in property purchased by the husband since the judgment mensa et thoro. She was granted title to specific items of personal property and divested of title to others. The husband was ordered to pay the wife $5,000 for her interest in the homestead. She was granted the sum of *998 $350 per month as support. The husband was ordered to maintain life insurance of the death benefit of $10,000 with the wife as beneficiary. He was ordered to pay $1,000 as attorney fee for the services of the wife’s attorney.
The wife prosecutes this appeal pro se. No transcript of the evidence heard orally by the trial court has been presented to this court. This court has suspended all procedural rules for the benefit of the wife and has permitted her oral argument before the court. Though the court has attempted to give the wife explanation that this is an appellate rather than a trial court, she has not submitted to us errors of law committed by the trial court, but rather has submitted only her testimony of the events of her marriage and contended that it should not be put asunder by a secular court. We therefore have no alternative but to conclusively presume the judgment of the trial court was supported by the evidence and enter an affirmance. Adams v. Adams, 335 So.2d 174 (Ala.Civ.App.1976), Rule 10, ARCP.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.