This is an appeal by the Executrix of the Estate of a deceased mortgagee from a final judgment rendered in favor of the mortgagors and ordering satisfaction of the mortgage. We affirm.
According to the appellant-executrix, the issue in the trial court was whether the mortgagors' testimony was admissible to show full payment of the balance of the mortgage debt to the mortgagee-decedent. Appellant's contention on this appeal is that *Page 1169 
allowing the mortgagors to testify that the note and mortgage were paid contravened the provisions of the "Dead Man's Statute," § 12-21-163, Code 1975 [Title 7, § 433, Code 1940].
Appellees-mortgagors contend that it is evident from the record in this case that oral testimony was heard by the trial court, but no testimony appears in any transcript and no summary of any testimony was made in accordance with the provisions of Rule 10 (d), ARAP. Therefore, appellees argue that there is no way for this court to determine whether or not the trial court committed reversible error in admitting evidence which the appellant claims to be in violation of the "Dead Man's Statute."
We have inspected the record and, although we do find a "DESIGNATION OF RECORD ON APPEAL" by appellant in which she, inter alia, requests the court reporter to transcribe the testimony of plaintiff and defendant, there is no transcript. There is a "REPORTER'S INDEX TO EXHIBITS" in which three letters, the mortgage, two warranty deeds and an envelope appear. These, along with the pleadings in the case, constitute the record on appeal.
Either a court reporter was present and took down the proceedings but failed to transcribe them, or the proceedings were not taken down by the court reporter and, therefore, could not be transcribed and made a part of the record on appeal.
The facts of this case are almost identical to the facts in the recent Court of Civil Appeals case of Adams v. Adams,335 So.2d 174 (Ala.Civ.App. 1976). It appears from the opinion in that case, authored by Judge Bradley, that no court reporter was present and thus the testimony was not recorded. That appears to be the main factual difference with this case, although in that case (as in the case before us) the record on appeal did contain the pleadings and exhibits. There, the argument was urged on appeal that the trial judge's judgment was based on evidence heard ore tenus and was plainly and palpably erroneous. Judge Bradley wrote:
 "Reversal on such ground must be solidly based on the appellate court's conclusion that the evidence virtually compels a result inconsistent with the trial judge's findings * * *. It is impossible for an appellate court to make such a determination where none of the oral testimony is communicated to it."
Id. at 177.
The appellees point out that the real issue is whether the trial court erred in admitting and considering the testimony of the appellees-mortgagors. When that testimony is not before this court, it is impossible for us to make a determination as to whether or not it was admissible under the "Dead Man's Statute."
We think the following holding in Adams v. Adams, supra, is pertinent and we cite the same with approval, viz:
 "Under ARAP it is not necessary to submit the entire transcript; however, there is a minimum below which an appellant who bases his argument on the weight and sufficiency of the evidence may not fall and still present a reviewable issue. The complete absence of any transcript or 10 (d) statement of oral testimony falls below such a minimum."
Id.
We agree with the Court of Civil Appeals in its reiteration of the long-standing and well-settled principle of our cases that a trial court's findings and conclusions on the facts will not be reviewed when it affirmatively appears there was evidence before the trial court which was not in the record on appeal, and that where all the evidence is not in the record, it is presumed the missing evidence is sufficient to support the judgment appealed from. We further agree with its analysis and conclusions with respect to the "Committee Comments" to Rule 10, ARAP, that the new appellate rules have abolished this well-settled principle, viz:
 "Rule 10 does expressly provide that both appellant and appellee shall have the right to designate of what the record shall consist. By this provision, much of *Page 1170 
the scope of Davis v. Wolff, [53 Ala. App. 700, 304 So.2d 201, rev'd on other grounds, 293 Ala. 408, 304 So.2d 203 (1974)], and similar cases is vitiated: where existing matter is omitted from the record by appellant, appellee can no longer rely solely on the omission to gain affirmance, but must designate for inclusion in the record whatever else is available to help his case. The new rules thus shift emphasis away from technical imposition on appellant in favor of a mutual burden on both parties to assemble a record containing everything pertinent to a consideration on the merits.
 "However, the change accomplished by the rules has no application to the present case. The premises for the relaxation of the Davis v. Wolff principle in most situations is the equal opportunity to designate matters for inclusion afforded to both parties. There is no such equality here. No transcript of testimony was made below; it is thus impossible for appellee to place such non-existent matter in the record by designation. Appellant, and appellant alone, is granted the opportunity under Rule 10 (d) to prepare a statement of the proceedings in lieu of the usual transcript. Appellee has no right to initiate such a statement, but is allowed only to propose amendments and raise objections to appellant's version.
 "Under these circumstances, the statement appearing in the Committee Comment is based on a faulty premise."
Id.
Whether it was "impossible" for the appellees to designate the transcript of the testimony in this case we cannot know, since we do not know whether a transcript was made. But, we think the appellees had a right to rely on the appellant's designation of the transcript of the testimony of the plaintiff and the defendant. It is certainly the obligation of the party designating to see that the matters designated are placed in the record.
When, as here, the trial judge has heard evidence and that evidence is not before us, and we are called upon to consider whether that evidence, or certain portions thereof, is admissible or not under the "Dead Man's Statute," we have no alternative but to affirm. Moreover, it may be decisive to determine under what conditions the evidence, allegedly in violation of the "Dead Man's Statute," is offered. For instance, an objection to such evidence may be "waived" by failure to object or "waived" by introduction of like evidence by the objector himself.
This cause is then due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.