I agree that the expert's opinion testimony was inadmissible, being based at least in part on factual data not within the personal knowledge of the witness or embraced within a hypothetical question. *Page 744 
I write separately to make what I believe is an important qualification to this general rule. If the factual data pertinent to the witness's conclusion, though not within his personal knowledge, had been admitted into evidence through other admissible sources, the fact that the question posed to the witness was not in the classical hypothetical style — containing the facts in evidence — would not work a reversal in this case. In other words, if the state trooper had testified to the degree of wetness of the road surface, and to the matters contained in his report — a requisite element of a hypothetical question — then, the question whether the witness's opinion, using such facts as its premise, is admissible addresses itself to the sound discretion of the trial court.
The better practice, of course, is to require the question to contain, hypothetically (and proved by other sources), all pertinent data considered by the expert witness when such data is not within the personal knowledge of the witness. The wisdom of this practice is found in the increased control which the trial judge exercises over the proceedings; i.e., it permits him to better evaluate the propriety of the question as opposed to testing the admissibility of the answer. Nonetheless, had the relevant data used by the expert in expressing his opinion been either within his personal knowledge, or otherwise admitted into evidence, I would not hold that the trial judge abused his broad discretionary powers in allowing the witness to give his expert opinion.
One other point, which I deem to be of considerable importance, should be addressed: When the appellant designates less than all of the evidence, and then presents an issue to which certain of the omitted evidence is pertinent, and the appellee makes no further designation, what is the appellate scope of review? Settled law prior to the adoption of our Alabama Rules of Appellate Procedure was to the effect that the burden was on the appellant to perfect the record so as to overcome all presumptions of correctness of the trial court's challenged rulings. But prior practice, contrary to ARAP 10 (b), made no provision for designation of the record on appeal. This precise point was addressed in Smith v. Haynes,364 So.2d 1168 (Ala. 1978), holding that the appellee has the affirmative duty to designate those portions of the proceedings omitted by appellant's designation which appellee contends supports the challenged rulings.
One further observation. Rule 10 (b) also states that, if appellant designates less than all the proceedings, he must inform the appellee of the issue he intends to present on appeal; and this for the reason that otherwise the appellee would not know whether to accept appellant's designation or to designate other portions of the proceedings bearing on the issue presented. Appellant's failure to so inform the appellee, however, does not excuse the appellee from supplementing the record, once he learns of the issue on appeal (normally, this would occur no later than his receipt of a copy of appellant's brief).
While, for obvious reasons, designation of the record is to be encouraged, this rule of appellate procedure was not intended as a trap for the unwary. And, in furtherance of that observation, I would favor rather severe sanctions against an appellant who omitted in his designation those portions of the record which are clearly essential to a proper review of the challenged rulings. In addition to the assessment of appellee's costs against appellant, when it is clear that appellant has designated only those portions of the record that favor his position to the exclusion of those adverse portions, I would also favor awarding the appellee a reasonable attorney's fee. One consideration in the imposition of such sanctions, of course, would be whether appellant complied with the Rule's requirement for notifying appellee of the issue which appellant intends to present on appeal. *Page 745