This is an appeal from a summary judgment upholding the constitutionality of a municipal ordinance which prescribed criminal penalties for its violation. At the time the original declaratory judgment action was filed, a separate criminal proceeding to enforce the ordinance was pending against the appellant.
On October 15, 1980, the Prichard City Council passed Ordinance # 1536 which levied a monthly fee or tax on certain classes of Prichard citizens to defray the costs of public services. The ordinance required that Prichard citizens who either lived in homes equipped with kitchens or received city water services at their home or business pay the city a $5.00 monthly fee. Citizens who failed to pay the monthly fee and the additional $3.00 late charge would be guilty of a misdemeanor and fined not less than $10.00 nor more than $100.00 if convicted.
Sandra Shade Trimble, a resident of Prichard whose home contained a kitchen and who received city water services, failed to pay the assessment imposed by Ordinance # 1536 as amended. The City of Prichard then issued arrest warrants against Trimble, who was subsequently arrested, charged, and convicted of violating the ordinance. Her conviction is presently on appeal to the Mobile County Circuit Court.
After Trimble's arrest but before her conviction, she filed a declaratory judgment class action against several city defendants, urging the trial court to find Ordinance # 1536 as amended unconstitutional, in violation of the equal protection clause of the fourteenth amendment to the United States Constitution and in contravention of the limited taxing powers of a municipality. She also sought a temporary restraining order (TRO) and a permanent injunction prohibiting the enforcement of the ordinance in the pending criminal actions.
Although the trial court granted Trimble's request for a TRO on September 24, 1981, the court subsequently conducted a hearing and dissolved its order on February 17, 1982. No class was established.
Both parties then filed motions for summary judgment, and the trial court granted summary judgment in favor of the city defendants based upon the pleadings, affidavits, and in-court testimony received during the TRO dissolution hearing. Trimble filed a notice of appeal but failed to include the transcript or a summary of the TRO dissolution hearing in the record on appeal.
Jurisdiction of a declaratory judgment action will not be entertained where another proceeding is pending at the time of the declaratory judgment action to which the same persons are parties and in which the same issues may be adjudicated. Mathisv. Auto-Owners Ins. Co., 387 So.2d 166 (Ala. 1980). The circuit court, exercising its equity powers, was therefore without jurisdiction to entertain Trimble's declaratory judgment action against the City of Prichard which contested the constitutionality of Ordinance # 1536 as amended where a separate criminal proceeding brought by the City of Prichard to enforce the ordinance was pending against Trimble.
Because lack of subject matter jurisdiction can never be waived or supplied by consent, it is of no consequence that neither party raised the issue on appeal. Alabama State Bar v.Watson, 289 Ala. 729, 272 So.2d 240 (1972); Rinehart v.Reliance Life Ins. Co. of Ga., 272 Ala. 93, 128 So.2d 503
(1961).
Because the civil court was without jurisdiction to entertain the declaratory judgment action, the judgment was coram non judice and therefore void. The appeal from such void judgment is due to be dismissed.
Moreover, appellant's failure to comply with the Alabama Rules of Appellate Procedure also warrants dismissal of her appeal. A.R.A.P. 2 (a)(2)(D). *Page 747 
The corrected final order which granted summary judgment shows that the case was submitted on the pleadings, affidavits, and in-court testimony of certain witnesses. Although a court reporter was present during the hearing, it is unclear whether the testimony of the witnesses was recorded. Trimble's designation of the record on appeal contains the pleadings and affidavits but does not contain a transcript of the witnesses' testimony, or a statement thereof in accordance with Rule 10, A.R.A.P. Her designation, moreover, was filed forty days after filing the notice of appeal, in contravention of Rule 10 (b)'s mandate that designations be filed no later than seven days after filing notice of appeal. Trimble, who designated less than all of the proceedings, also failed to serve on the city defendants a statement of the issues she intended to present on appeal in accordance with Rule 10 (b), A.R.A.P. Approximately 64 days after filing the notice of appeal, Trimble attempted to cure her failure to include the transcript of the hearing in the appellate record by proposing that a stipulation be filed omitting the reporter's transcript from the record. However, Rule 10 (d), A.R.A.P., requires that the appellant's statement of the proceedings be served upon the appellee within 49 days after notice of appeal. The city defendants were unable to comply with this tardy request because Trimble failed to include a statement of the issues. Trimble filed nothing further relating to the record.
The city defendants argue that the failure of Trimble to file the required designations in a timely manner and the failure to set forth a statement of the issues placed them in a position where they could not intelligently decide whether to accept her designation. Because the city defendants could not unilaterally provide a statement of the proceedings omitted from her designation, they contend that this Court has no alternative but to affirm the judgment of the trial court, which had before it evidence unavailable to this Court.
Previously, the trial court's findings and conclusions on the facts would not be reviewed when it affirmatively appeared there was evidence before the trial court that was not in the record on appeal. Davis v. Wolff, 53 Ala. App. 700,304 So.2d 201, reversed on other grounds, 293 Ala. 408, 304 So.2d 203
(1974). The new appellate rules purportedly abolished this principle by allowing both parties an equal opportunity to designate matters for inclusion in the record. Committee Comments, A.R.A.P. 10. Where, however, equal opportunity does not exist, we have conclusively presumed that the omitted evidence is sufficient to support affirmance. Adams v. Adams,335 So.2d 174, 177 (Ala.Civ.App. 1976), cited with approval inSmith v. Haynes, 364 So.2d 1168 (Ala. 1978).
It is apparent that the requisite equality of opportunity is absent from the present circumstances. Trimble's failure to serve on the appellees a statement of the issues she intended to present on appeal placed the city defendants in a position where they could not intelligently decide whether to accept her designations. Porter v. State Farm Mut. Auto. Ins. Co.,347 So.2d 107, 108 n. 2 (Ala. 1977). If the transcript was unavailable, the city defendants had no obligation to initiate a statement of the proceedings in lieu of the usual transcript.Adams, supra, 335 So.2d at 177.
Because it is the obligation of the appellant to see that the record on appeal contains evidence sufficient to warrant reversal, Trimble must bear the strict penalty for omission of this vital material.
APPEAL DISMISSED.
TORBERT, C.J., FAULKNER and JONES, JJ., concur.
ADAMS, J., concurs in the result only. *Page 748