In brief in support of appellants' application for rehearing, counsel claims that the failure to include complete depositions of Mr. Watts and Mr. Buffo influenced this court's review of the trial court's ruling on summary judgment.
Appellants filed a motion to correct or modify the record on February 7, 1984, pursuant to rule 10 of the Alabama Rules of Appellate Procedure, wherein they requested that this court direct the circuit clerk to prepare a supplemental record consisting of the depositions of Mr. Watts and Mr. Buffo. This motion failed to be docketed. Accordingly, the appellants requested that this court rehear the case and order the correction or modification of the record.
Appellants argue that rule 10 (d), A.R.A.P., has abrogated the proposition that a trial court's judgment will be presumed to be supported by the evidence where the trial court considered evidence which is not before the appellate court.
The committee comments to rule 10 expressly state that the rule abolishes the old presumption.
In Adams v. Adams, 335 So.2d 174 (Ala.Civ.App. 1976), this court stated about rule 10 the following:
 "[W]here existing matter is omitted from the record by appellant, appellee can no longer rely solely on the omission to gain affirmance, but must designate for inclusion in [the] record whatever else is available to help his case." (Emphasis added.)
Moreover, appellants contend that although it was not their burden to do so appellants moved to properly supplement the record and that either the record should be supplemented or the trial court's ruling on summary judgment should be reversed because there is no evidence in the original record to show actual malice.
While we recognize rule 10, A.R.A.P., as the law in Alabama, we do not find that either party has been prejudiced by the initial omission from the record of the depositions in question. We have received and carefully examined these depositions along with all the other evidence in the record and we hold that the addition of these depositions to the record does not change our view of the trial court's ruling on summary judgment.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.