The limited record discloses that in August 1993, James Elliott applied for a hearing pursuant to the Abandoned Motor Vehicle Act, Ala. Code 1975, § 32-13-4. An order was entered staying the sale of Elliott's vehicle, as apparently proposed by Bud's Truck and Auto Repair. The court set a hearing, and, following an ore tenus proceeding, it entered a final order which set aside the stay and awarded a monetary judgment against Elliott. Elliott's post-judgment motion was denied by operation of law. Elliott appeals.
The record does not contain a transcript of the testimony considered by the trial court, nor did Elliott prepare an evidentiary statement pursuant to Rule 10(d), A.R.App.P. That rule provides an appellant the opportunity to prepare a statement of the evidence in lieu of a transcript. Elliott has chosen not to provide this court with any evidence considered by the trial court, and we find nothing in the scant record to indicate what occurred before Elliott requested a hearing, or what transpired at the hearing.
Where the trial court hears oral testimony, and that testimony is not in the record on appeal, either in a transcript or summarized in a Rule 10(d) statement, it is conclusively presumed that the testimony is sufficient to support affirmance. Greer v. Greer, 624 So.2d 1076
(Ala.Civ.App. 1993), and Adams v. Adams, 335 So.2d 174 (Ala.Civ.App. 1976). While it is unnecessary to submit the entire transcript, an appellant must present a reviewable issue. Adams, supra.
Among other things, Elliott contends that the 30-day notice requirement of Ala. Code 1975, § 32-13-4, was not met. There is nothing in the record, except Elliott's request for a hearing, to indicate anything regarding the notice or otherwise. This issue, and others, simply cannot be addressed by this court, because of the inadequacy of the record. This court does not presume error. In order for this court to consider an error asserted on appeal, that error must be affirmatively demonstrated by the record. Liberty Loan Corp. of Gadsden v.Williams, 406 So.2d 988 (Ala.Civ.App. 1981). Elliott, as the appellant, must "bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal."Gotlieb v. Collat, *Page 839 567 So.2d 1302, 1304 (Ala. 1990). Elliott has provided this court with nothing to review. See Judge v. Bolan, 642 So.2d 486
(Ala.Civ.App. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 439,130 L.Ed.2d 350 (1994). Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.