The defendant-appellant Union Fidelity, as part of the settlement, has agreed to pay class counsel's attorneys' fees in addition to the entire loss suffered by the class. Therefore the amount of the attorneys' fees cannot adversely effect the members of the class one iota. Conversely, we cannot enhance the fairness of the settlement to the class members, as the fairness, vel non, of the settlement to the class members is not before us.
The main opinion advances two reasons for reversing and remanding at the behest of the defendant-appellant. Neither reason justifies any relief to the appellant. Indeed, each reason militates in favor of affirming, not reversing.
The first reason is that "we do not have an adequate record from which to draw positive or negative conclusions." 781 So.2d at 194. The appellant bears the burden of making and transmitting a record that supports relief. Rules 10 and 12, Ala.R.App.P., and Smith v. Haynes,364 So.2d 1168 (Ala. 1978). If the record does not support relief, then the duty of the appellate court to judge appeals impartially requires the appellate court to deny relief rather than to rescue the appellant by remanding for the appellant to make a record which will support relief. See Cowen v. M.S. Enters., Inc., 642 So.2d 453 (Ala. 1994),King v. Garrett, 613 So.2d 1283 (Ala. 1993), and Moody v. Hinton,603 So.2d 912 (Ala. 1992).
The second reason advanced by the main opinion for reversing and remanding is:
 "Therefore, only the settling defendant is in a position to oppose the attorney-fee award; yet, it may have a conflict of interest in terms of offering candid evidence concerning actual benefits to the class. That same party will have recently joined hands with class counsel in extolling the virtues of the settlement, in *Page 197 
order to gain the trial court's approval at the fairness hearing mandated by Rule 23(e), Ala.R.Civ.P. A defendant would be reluctant to denigrate the adequacy of notice or benefit to the class, because doing so may undermine the settlement altogether and thereby defeat its attempt to buy its peace, a consideration perhaps more important than concerns over paying excessive attorney fees."
781 So.2d at 194-95. Thus, the main opinion reasons, in effect, that the defendant-appellant's likely duplicitousness and lack of candor requires us to rescue the defendant-appellant by reversing and remanding. A base motive for failing to make a record that will support relief hardly justifies an exception to the rule that an appellant cannot win relief on a record that does not support relief.
Cook, J., concurs.